EUNICE PARKER, APPELLANT, v. PORTER McCLUER, RESPONDENT.

*Advancement discharges Estate of claim as Heir.*

Where the intestate in his lifetime had given to his son real estate as an advancement, which in value was equal to what would have been his share in his father's estate, such advancement discharges the estate of the intestate for all claims of the son or of his heirs, as heirs of the estate of the intestate.

*A. G. Rice* for Appellant.
*S. S. Spring* for Respondent.

DAVIES, CH.J.—This is an action of ejectment, in which the Plaintiff claims to recover one-sixty-fourth part of a certain farm, whereof Joseph McCluer died seized. He is one of eight children of Samuel McCluer, a son of Joseph McCluer.

The facts, as found by the Supreme Court, are as follows:

On the 19th day of July, 1828, Samuel McCluer, with his wife, executed and delivered to Joseph McCluer, his father, a quit-claim deed of the whole of lot No. 39, in township No. 4, in the Holland Land Company's survey, in Cattaraugus county, which included the premises described in the complaint, excepting and reserving therefrom several small parcels theretofore conveyed, and also forty-five acres on the north-east part of the lot. At the time of giving such deed it was verbally agreed between Samuel and Joseph his father, that Samuel should have the forty-five acres on the north-east part of the lot, in full for his share as heir of the estate of the said Joseph; but no writings were made between them, and Joseph gave Samuel no written evidence of title to said forty-five acres. Joseph McCluer was in possession of the forty-five acres prior to that agreement, and immediately thereafter the said forty-five acres were surveyed off to said Samuel, and he went into possession of the same, and continued in possession thereof until his death in July, 1829.

At the time the deed was given, Joseph went into the possession of the land conveyed or quit-claimed by Samuel and his wife, and

remained in possession until his death in 1833, and was seized in fee of the same at the time of his death. The premises described in the complaint form a part of the land conveyed to Joseph by Samuel, and form no part of the land excepted or reserved from said deed. Samuel died intestate in July, 1829, leaving him surviving eight children, of whom the plaintiff is one, all legitimate and heirs to his estate. Samuel was a legitimate son of Joseph; and had he been living when Joseph died, would have taken as an heir to Joseph. Joseph died in September, 1833, intestate, and leaving him surviving seven children, heirs to his estate, and also eight grandchildren, the children of said Samuel, including the Plaintiff. The Defendant was in possession of the land described in the complaint at the time of the commencement of the action, August 3, 1859, and claimed title to the same, to the exclusion of the Plaintiff. He had acquired all the title of all the heirs of Joseph McCluer, except the children of Samuel.

The Plaintiff was born August 18, 1828, and claims judgment for the possession already mentioned as heir-at-law of Joseph McCluer, deceased. About two years after the death of Samuel, his administrators, pursuant to an order of the surrogate of Cattaraugus county, sold the forty-five acres for the payment of the debts of the said Samuel. It appeared that the forty-five acres, at the time the deed was given in 1828, were worth more than one-eighth part of all the land owned by Joseph at that time. The jury, under the direction of the court, rendered a verdict for the Plaintiff for the undivided one-sixty-fourth part of the premises described in the complaint, subject to the opinion of the court at General Term, which decided that the transaction between Joseph and Samuel amounted in law to an advancement from Joseph to Samuel, or if not, that the agreement, part performance, and attending circumstances were such as in equity to require that the agreement should not be disturbed by the children and heirs-at-law of Samuel; or if not, that the legal title to the forty-five acres was in Samuel, and the equitable title in Joseph, and that the effect of the reservation and subsequent acts of the parties was a complete consummation of the agreement, and that the Plaintiff could not recover any portion

16

of the land described in the complaint as heir-at-law of Joseph McCluer or otherwise; and gave judgment for the Defendant.

The Plaintiff now appeals to this Court. The provisions of the Revised Statutes applicable to advancements to children by their parents are as follows:

"§ 23. If any child of an intestate shall have been advanced by him, by settlement or portion of real or personal estate, or of both of them, the value thereof shall be reckoned, for the purposes of this section only, as part of the real and personal estate of such intestate, descendible to his heirs, and to be distributed to his next of kin according to law ; and if such advancement be equal or superior to the amount of the share which such child would be entitled to receive of the real and personal estate of the deceased, as above reckoned, then such child and his descendants shall be excluded from any share in the real and personal estate of the intestate.

"§ 24. But if such advancement be not equal to such share, such child and his descendants shall be entitled to receive so much only of the personal estate and to inherit so much only of the real estate of the intestate as shall be sufficient to make all the shares of the children in such real and personal estate and advancement to be equal, as near as can be ascertained.

"§ 25. The value of any real or personal estate so advanced shall be deemed to be that; if any, which was acknowledged by the child by an instrument in writing, otherwise such value shall be estimated according to the worth of the property when given." —(1 Rev. Stat., 1st ed., p. 754.)

There was no acknowledgment in writing of the value of the real estate advanced to Samuel, and it was therefore proper to estimate the worth at the time the property was given. This time was the date of the deed or release from Samuel to his father in 1828, when forty-five acres were given to him, and a survey thereof made, and possession of the same given by Joseph to Samuel.

Samuel continued in possession thereof up to the time of his death, and it was subsequently sold for the payment of his debts.

Upon the facts found by the court, Joseph and his heirs would undoubtedly be estopped from setting up any claim to the forty

five acres; and if any such claim had been preferred, a Court of Equity would have restrained its enforcement.

It does not appear, from the finding of facts, that Joseph acquired any other real estate, prior to his death, than that which he owned at the time of the transaction with his son Samuel, on the 19th day of July, 1828. Neither does it appear that he died possessed of any personal estate. We are authorized to assume, to sustain this judgment, that he acquired no other real estate, after the 19th July, 1828, and that he did not die possessed of any personal estate. If the Plaintiff's right of recovery was dependent upon establishing either of these facts, she should have done so upon the trial.

It having been found as a fact that the forty-five acres given by Joseph to his son Samuel in July, 1828, were worth more than one-eighth part of all the land or real estate of Joseph, we agree with the Supreme Court, that the transaction between Joseph and Samuel amounted in law to an advancement from the former to the latter. Samuel, or his children, upon the death of Joseph, intestate, were entitled to take one-eighth part of his estate, real and personal. It not appearing that he left any personal estate or any real estate other than what he possessed on the 19th of July, 1828, it appears from the facts found, that Samuel was advanced more than one-eighth part of the estate which Joseph owned.

Such advancement being equal, if not superior, to the amount of the share which Samuel would be entitled to receive of the estate of Joseph, it follows from the provisions of the Revised Statutes above quoted, that Samuel and his children, including this Plaintiff, must be excluded from any further share in the estate of Joseph McCluer. This clearly should be so, until it is made to appear that he died possessed of any real or personal estate other than that owned by him on the 19th July, 1828.

This action is to recover one-sixty-fourth part of the real estate which this Plaintiff's ancestor quit-claimed and released to the ancestor of the Defendant, on consideration of receiving the forty-five acres, which were worth more than one-eighth part of all the real estate of the Defendant's ancestor. If Joseph then had died intestate

before such advancement or gift to Samuel, such one-eighth part would have been all that Samuel would have inherited. He has received his equal share and retained the same, and his heirs now claim the one-eighth part of the residue. A more inequitable claim could hardly be preferred, and I concur with the Supreme Court that it cannot be maintained. Judgment should be affirmed with costs.

All concur. Affirmed.