R. T. HARPER *et al.*, *as Trustees of the First Congregational Church of Atwood,* v. R. S. HENDRICKS.

1. PETITION—*Amendment in Furtherance of Justice.* An action was commenced, entitled E. N. Hendricks *v.* R. T. Harper, L. Adams Smith, and Sebastian Ditzell, to recover $1,235, being the balance of an account for the building of a church, and assigned to R. S. Hendricks by Townsend & Allen, the contractors, and alleged to have been subsequently transferred to E. N. Hendricks. With consent of the court, R. S. Hendricks was substituted as plaintiff in the place of E. N. Hendricks, and an amended petition was filed against Sebastian Ditzell and four others, as trustees of the First Congregational Church of Atwood, to recover the said $1,235, as a balance of an account claimed to be due for the building of a church by Townsend & Allen, the contractors, which account was sold and transferred to R. S. Hendricks. All of the defendants voluntarily appeared, and presented a motion to strike the amended petition from the files. This was overruled, and the defendants answered, and the cause, after a reference, proceeded to judgment. *Held,* That the trial court had the power to permit the substitution and allow the amended petition to be filed, in furtherance of justice.

2. REFEREE—*Evidence Sustains Findings.* Where a cause is referred to a referee, with the consent of all the parties, to hear the same and to make his report of the facts and the law, and such report is afterwards confirmed by the district court, the judgment will not be set aside as against the evidence, although that is greatly conflicting, if there is sufficient to sustain the findings of fact upon which the judgment is rendered.

3. PRACTICE—*Amendment of Pleadings and Judgment.* Where an action is brought against several persons as trustees of a church, duly organized and existing as a corporation, and no demurrer is filed to the petition on account of a defect of parties, and no objection is taken thereto by answer, and the cause is heard before a referee and proceeds to judgment against such trustees, *held,* no material error is committed thereby; and further *held,* if it were necessary in furtherance of justice, after judgment, that the pleadings and judgment might be amended to correspond with the facts proved.

*Error from Rawlins District Court.*

ON the 30th day of July, 1886, Townsend & Allen entered into a written contract with R. T. Harper, L. Adams Smith, S. Ditzell, and R. S. Hendricks, as trustees of the First Con-

gregational Church of the city of Atwood, for the erection of a certain church building for $2,235, and on the conditions specified in the articles of agreement. Townsend & Allen constructed the church building, and the same was afterwards accepted. On the 7th day of June, 1888, E. N. Hendricks commenced his action against R. T. Harper, L. Adams Smith, and Sebastian Ditzell, three trustees of the First Congregational Church of Atwood, to recover $1,235, alleging that, on the 6th of December, 1886, before the church building was completed and accepted, Townsend & Allen sold and transferred an account of $1,235 against the said trustees to R. S. Hendricks for a valuable consideration, and that afterward R. S. Hendricks sold and transferred the account to E. N. Hendricks. Afterward, and on the 19th day of March, 1889, R. S. Hendricks, having been substituted as plaintiff in the place of E. N. Hendricks, filed an amended petition against B. D. Hotchkiss, S. H. Jolly, Albert Hemming, George Ditzell, and Sebastian Ditzell, as trustees of the First Congregational Church of Atwood, to recover $1,235, with interest from the 15th day of February, 1888. R. S. Hendricks set forth the contract which Townsend & Allen signed to construct and complete the church building in Atwood for $2,235, and also alleged that the building was completed by them about the 15th day of October, 1886, and duly accepted by the building committee of the church; that the trustees only paid Townsend & Allen $1,000, and that after the completion of the church there remained due $1,235; that on the 6th of December, 1886, Townsend & Allen sold and transferred the account for that amount to R. S. Hendricks for a valuable consideration. Subsequently, the defendants filed a motion to strike out the amended petition, which was overruled. On the 22d day of March, 1889, the defendants appeared and filed their answer. On the 26th of March, 1889, the case was referred, with the consent of both parties, to Hon. G. Webb Bertram, to hear the evidence, and report upon the facts and the law to the district court at the next term thereof. Afterward, the referee made and filed his findings of fact and

conclusions of law.   He found that the sum of $827.11 had not been paid by the trustees of the church upon the contract for the building, and, as a conclusion of law, he found that the plaintiff, R. S. Hendricks, was entitled to recover a judgment for $827.11, with interest from February 15, 1888, at 7 per cent. per annum, together with all costs of the suit. The defendants, by their attorneys, excepted to the findings of fact and conclusions of law.   On the 14th of November, 1889, the district court overruled the exceptions taken to the report of the referee, and entered judgment in favor of R. S. Hendricks and against the defendants for the sum of $827.11, with interest and costs.   The defendants excepted to the judgment, and bring the case here.

*John A. Murray,* for plaintiffs in error:

The court should have sustained the motion of the plaintiffs in error to strike from the files the amended petition. It is not disclosed by the case-made that the plaintiff in the original petition, E. N. Hendricks, obtained any order of court allowing him to file an amended petition.   No affirmative showing as required was made.   The original plaintiff had no interest in filing an amended petition, because, as shown by a comparison of the petition and the amended petition, his interest and that of R. S. Hendricks, this defendant in error, were in no particular the same.   In the amended petition, it is alleged that Townsend & Allen assigned to R. S. Hendricks, who is now the owner and holder.   These facts make a broad distinction between the cases already decided by this court, to wit, *Weaver v. Young,* 37 Kas. 70, and *Hanlin v. Baxter,* 20 id. 104, where the name of the plaintiff was changed by mistake or substituted because of a concomitance of interest *in re litigiosa.*

Not only the entire form of the action by this amended petition was changed both as to plaintiff and defendants, but in substance it was entirely new, and related to entirely different parties and to entirely different capacities of the parties. Surely it cannot be contemplated by law that attorneys with-

out summons, voluntary appearance, process, or order of court, can, by the re-writing of a petition at their own caprice, bring parties into court in this manner and compel them to defend. *Insurance Co. v. Amick*, 37 Kas. 74; *Beyer v. Reed*, 18 id. 86, where it is held that it must be "affirmatively shown that the amendment is in furtherance of justice."

There is a fatal variance between the petition and proofs. In order to charge the plaintiffs in error in lieu of Townsend & Allen, either upon an assignment or upon the orders which in the testimony are alone relied upon, there must have been a complete novation of parties. 16 Am. & Eng. Encyc. of Law, pp. 867, 868, and the numerous cases there cited. From the uncontradicted testimony, it must be apparent that the allegations of the petition are not sustained so as to admit of any recovery in this action.

Another fatal defect apparent in the cause is, that it is alleged in the amended petition and admitted in the answer, "that the First Congregational Church of the city of Atwood is a corporation duly organized under the laws of the state of Kansas." In the amended petition, the plaintiffs in error are sued "as trustees of the First Congregational Church of the city of Atwood, and their successors." It is thus apparent from the pleadings, that if any cause of action at all existed, it was against the corporation, and not against the trustees. This suit could only be maintained against the corporation in its corporate name. And clearly, under the statutes and former decisions of this court, this suit was wrongfully brought against the trustees. *Town Co. v. Krutz*, 22 Kas. 726.

*E. A. McMath*, and *Edwin A. Austin*, for defendant in error:

1. The court below committed no error in allowing the amendment to the petition. It does not appear from the record why the name of E. N. Hendricks was changed to R. S. Hendricks. So far as the record shows, the change was apparently made to correct an error or mistake of the attorney who drew the papers, in stating incorrectly the plaintiff's name; and such amendment was entirely proper. This court

has repeatedly held such an amendment or substitution to be proper, and that, when the record does not disclose the grounds of such amendment, no error lies on account thereof. *Hanlin v. Baxter*, 20 Kas. 134; *Weaver v. Young*, 37 id. 70.

So far as the addition of other defendants is concerned, and their representative capacity being added after their names in the title to the action, we discover no error. The code expressly authorizes the bringing in of other defendants when necessary to determine the controversy (see §§ 41, 139), and amendments which change the suit from one for or against individuals to one for or against the same parties in a representative capacity have been frequently approved by this court. *Packing Co. v. Casing Co.*, 34 Kas. 340; *Reed v. Cooper*, 30 id. 574; *City of Atchison v. Twine*, 9 id. 350. The amendments were clearly in furtherance of justice, and the facts afterwards submitted and the whole record show that these amendments were properly allowed.

To the claim made by counsel, in this connection, that the new defendants were not properly in court because no new summons was issued for them, it is sufficient to say that such other defendants voluntarily appeared, answered, and defended the action without objection to the jurisdiction of the court.

2. There is no error occurring on the trial reviewable in this case. Most of the errors complained of, if they refer to the record we find with the petition in error, are errors which are waived by failure to file a motion for a new trial within the time limited by law. See Civil Code, § 308; *Grayson v. Hinkle*, 29 Kas. 277.

3. The next point made is, that without a new contract — a complete novation of parties — the defendants were not liable to a suit by the defendant in error. A sufficient answer to this argument is, that orders payable out of a particular fund operate as an equitable assignment of the fund, not only as between the drawer and payee, but as regards the drawee, though not accepted by him. See cases cited, and text of 1 Am. & Eng. Encyc. of Law, p. 836; *McCubbin v. City of Atchison*, 12 Kas. 166.

4. The trustees, as such, were properly made the defend-- ants in the court below. The First Congregational Church in the city of Atwood was a religious corporation, duly organized under the laws of the state of Kansas. The relation of the trustees of a religious corporation to such corporation is not the same as that of the directors of an ordinary corporation, but more like that of a private trustee to his *cestui qui trust*. By the constitution and laws of the state, the title to all prop- erty of a religious corporation is vested in the trustees, who have the entire control of its secular affairs. See Const., art. 12, § 3; Gen. Stat. of 1889, ¶ 1179. See, also, *Skinner v. Richardson*, 45 N. W. Rep. (Wis.) 318; *Mead v. Mitchell*, 5 Abb. Pr. 106; *Mead v. Mitchell*, 17 N. Y. 201.

As our laws vest in the trustees of a religious corporation the title to all its property, as well as the sole management of its secular affairs, it would seem to follow that in a suit af- fecting such property the trustees are at least necessary parties defendant. In this case, the parties who were sued made the contract as trustees; the property acquired under the contract became vested in them as such trustees; they were sued upon the contract as such trustees, and the judgment was rendered against them as such trustees. The trustees of a religious corporation are, in fact and in law, as regards its legitimate contracts, the corporation, and are the proper parties to bring or defend an action relating to the temporalities of the church. *Hood v. Hollenback*, 7 Hun, 367; *Brockway v. Allen*, 17 Wend. 40; *Green v. Cady*, 9 id. 414; *Mead v. Mitchell*, 5 Abb. Pr. 92; Barb. Par., pp. 304, 744; see, also, *Kerrison v. Stewart*, 93 U. S. 155; *Rogers v. Rogers*, 3 Paige, 379; Civil Code, § 91; *Bell v. Wright*, 31 Kas. 244; *Eichelberger v. National Bank*, 103 Ind. 403.

5. A joint assignment of error must also be good as to all who unite in it. *Carr v. Boone*, 108 Ind. 241; *McKee v. Hun- gate*, 99 id. 168. No judgment was rendered in the record attached to the petition in error against some of the plaintiffs in error. In conclusion, therefore, we claim for the defend-

ant in error: First, that the petition in error should be stricken from the files, and the case dismissed; second, that on the merits, the plaintiffs in error are not entitled to a reversal of the judgment, but that the same should be affirmed.

The opinion of the court was delivered by

HORTON, C. J.: This action was brought by R. S. Hendricks, in the court below, to recover the sum of $1,235, balance claimed to be due from defendants, as trustees of the First Congregational Church, upon a contract made by the trustees with the firm of Townsend & Allen to erect a church building, and assigned by that firm to Hendricks. The case was referred by the court, with the consent of all the parties, to Hon. G. Webb Bertram, as referee, with instructions to hear the same, and to report at the next term of the court the facts found, and his conclusions of law thereon.

As a conclusion of law, the referee found the plaintiff was entitled to judgment for $827.11, and interest at 7 per cent. from February 15, 1888. These findings were confirmed by the court, and judgment was rendered thereon.

It is contended that the court below erred in overruling the motion to strike the amended petition from the files. It appears that this action was originally commenced in the name of E. N. Hendricks against R. T. Harper, L. Adams Smith, and Sebastian Ditzell. According to the record, "On the 19th day of March, 1889, the plaintiff, R. S. Hendricks, having been substituted as plaintiff in the place of E. N. Hendricks, over the objection of the defendants, filed an amended petition." According to the notes made by the judge upon his trial docket, the amended petition was filed after consent therefor had been obtained from the court.

This court has been very liberal in its rulings in permitting pleadings to be amended in furtherance of justice. (*Bank v. Tappan,* 6 Kas. 456; *City of Atchison v. Twine,* 9 id. 350; *Hanlin v. Baxter,* 20 id. 134; *Weaver v. Young,* 37 id. 70.) Of course a trial court may allow amendments, and, in fur-

therance of justice, fix the terms upon which they may be filed. In this case, we do not perceive that there was any abuse of discretion on the part of the trial court, and there is no error apparent in the record in the refusal to strike out the amended petition. (*Rodgers v. Hodgson*, 46 Kas. 276; *L. & C. V. A.-L. Rld. Co. v. Small*, 46 id. 300.) The defendants voluntarily appeared and answered the amended petition, and the cause proceeded to judgment; therefore there can be no just complaint about the absence of a summons, or the making of new or other parties defendant.

It is next contended that the court below erred in overruling the objections to the findings of the referee, and also erred in confirming the report of the referee. We have examined the testimony in the case, and while it is conflicting, we think there is amply sufficient of a positive character to support the findings and judgment.

It is further contended that as the First Congregational Church of the city of Atwood is a corporation, duly organized and existing under the statutes of the state, the action was wrongly commenced and prosecuted against the defendants, as trustees of the church. There was no demurrer filed alleging a defect of parties, and, if the action was improperly brought, all of this appeared from the face of the amended petition. No objection was made by answer to any defect of parties. (Civil Code, §§ 89–91; *Bell v. Wright*, 31 Kas. 244; *Hurd v. Simpson*, 47 id. 245.) It appears, however, that the contract with Townsend & Allen was signed by the trustees "as the party of the second part." The trustees of an express trust may sue without joining the person for whose benefit the action is brought. If they can sue, it follows that they may be sued. (Civil Code, § 28; *Burton v. Larkin*, 36 Kas. 246; *Mead v. Mitchell*, 5 Abb. Pr. 106; *Mead v. Mitchell*, 17 N. Y. 201.) If the cause of action should have been brought against the corporation only, as the trial was before a referee, and as the court below, upon his report of the facts and the law, rendered the judgment, it could, if necessary, be amended to conform

to the evidence and findings.    In such a case as this, no prejudice would be caused thereby.

The judgment will be affirmed.

All the Justices concurring.