EDWARD M. SHANNON, *by his next friend* JOHN L. SHANNON

v. J. C. PETHERBRIDGE, *Administrator of the estate of* WIL-

LIAM SHANNON, *deceased,* and JOHN B. HOWERY.

(Filed September 7, 1906.)

1. **TRIAL—Referee—Finding of.** Under our statute, when a referee is to report the facts, the report has the same force and effect as a special verdict of a jury.

2. **SAME—Set Aside, When.** Where a cause is referred to a referee by and with the consent of the parties, to hear and determine the same, and to report his findings of fact and conclusions of law thereon, and such report is subsequently confirmed and approved by the court, the judgment will not be set aside as being against the evidence, although the evidence is conflicting, if there is sufficient evidence to sustain the findings of fact upon which the judgment was rendered.

3. **SAME—Same—Evidence.** The credibility of the witnesses and the probative force of the facts as to the mental capacity of the grantor to excute a deed were for the determination of the referee and the trial court, and it appearing that there was legal and sufficient evidence to support the findings, they will not be disturbed on appeal.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before B. F. Burwell, Trial Judge.*

*Fulton & Paul* and *Asa Jones,* for plaintiff in error

*T. G. Chambers* and *J. C. Petherbridge,* for defendants in error.

### STATEMENT OF FACTS.

This was an action brought in the district court of Oklahoma county, by Robert L. Shannon by his guardian John L. Shannon, against William Shannon and John B. Howery, the object of which was to set aside a deed to a quarter section of land, on the ground that the grantor was insane at the time that he executed the deed therefor.

A short time after the commencement of the action Robert L. Shannon died, and John L. Shannon was appointed administrator of the estate of Robert L. Shannon, deceased, and was substituted in said action as party plaintiff. Later, a will of Robert L. Shannon was discovered, and after the same had been probated, Edward M. Shannon, sole devisee of Robert L. Shannon, was substituted as party plaintiff, he having appeared in said action by his next friend John L. Shannon.

The court, by and with the consent of the parties, referred the cause to J. H. Everest, as referee, with full power to report his findings of fact and his conclusions of law thereon.

At the conclusion of the trial, the referee made the following specific findings of fact:

"I therefore find specifically that the plaintiff has failed to prove, all of the evidence in the record considered, that Robert L. Shannon was of unsound mind and incapable of understandingly entering into this contract of conveyance on August 5, 1893, the date when the deed was made:

"Second, I find, as a matter of fact, that the plaintiff has failed to prove, by a preponderance of the evidence, that allegation in his petition, that the defendant William Shannon

never paid the said grantor, Robert L. Shannon, any consideration for the conveyance of said tract of land to him:

"Third, I find that the plaintiff has failed to show, by a fair preponderance of the evidence, that $1250.00, the sum recited as the consideration for which said deed was made from Robert L. Shannon to William Shannon, was a grossly inadequate consideration for the sale and transfer of said land:

"Fourth, I find from the evidence that John B. Howery purchased the tract of land in controversy from his co-defendant, William Shannon, on the 11th day of March, 1901, and that he paid a fair and valuable consideration therefor, and that there is no evidence of fraud or collusion in the said transfer from William Shannon to John B. Howery."

The referee concluded, as a matter of law, that the deed executed on August 5, 1893, for the land in controversy, conveyed all the right, title and interest of the grantor to the grantee therein, and that the defendant John B. Howery was a subsequent purchaser in good faith and for a valuable consideration. The findings of fact and conclusions of law were subsequently confirmed and approved by the court, and judgment entered accordingly; and a decree entered in favor of John B. Howery, declaring him to be the owner, in fee simple, of the premises in controversy, and quieting his title, thereto, and that the plaintiff had no title, interest, or claim thereto. To which ruling, order, judgment and decree of the court, the plaintiff duly excepted, and brings the case here for review.

Opinion of the court by

HAINER, J.: The record presents but one question for consideration, and that is, whether the grantor in the deed

executed on August 5, 1893, had sufficient mental capacity at that time to make the conveyance.

The record discloses that a large volume of evidence was introduced on both sides. The referee, after hearing all the evidence, found every material and controverted fact against the plaintiff, and the trial court confirmed and approved the findings of the referee, and entered judgment accordingly. In our opinion, while the evidence appears to have been conflicting, the referee was fully warranted in finding that the grantor had sufficient mental capacity to execute the deed which is the subject of this controversy, and that the defendant Howery was a *bona fide* purchaser for value. And there being sufficient evidence to sustain and uphold the findings of the referee, the law is well settled by this court, as well as the courts of other jurisdictions having similar statutes, that such findings will not be disturbed by the appellate court.

In *Erisman v. Kerwin,* 8 Okla. 92, this court held that:

"The findings of the referee must be regarded by the court as having the same force and weight as the verdict of a jury, and should not be disturbed, unless clearly against the weight of the evidence."

In *Harper v. Hendricks,* 49 Kans. 718, 31 Pac. 734; the supreme court of Kansas held that:

"Where a cause is referred to a referee, with the consent of all the parties, to hear the same, and to make his report of the facts and the law, and such report is afterwards confirmed by the district court, the judgment will not be set aside as against the evidence, although that is greatly conflicting, if there is sufficient to sustain the findings of fact upon which the judgment is rendered."

And in *Medill v. Snyder.* 61 Kan. 15, 58 Pac. 962; it was held that:

"The credibility of the witnesses and the probative force of the facts as to testamentary incapacity were for the determination of the trial court, and, it appearing that there is legal evidence to support the findings, these matters are not open for further consideration."

In our opinion, these cases are decisive of the question under consideration.    It follows that the judgment of the court below must be affirmed.

Burwell, J., who presided in the court below, not sitting; all the other Justices concurring.