THE BOARD OF COUNTY COMMISSIONERS OF WOODWARD
COUNTY, TERRITORY OF OKLAHOMA, V. J. EVERETT
SMITH.

(Filed February 13, 1907.)

1. **PUBLICATION DELINQUENT PERSONAL TAX.—One Issue.**
The provision of the Statutes of Oklahoma, requiring the publi-
cation of delinquent personal taxes, does not require such delin-
quent taxes to be published in more than one issue of a news-
paper, and where the delinquent personal property tax list is
published in a newspaper for three consecutive weeks, the party
so publishing such list can only recover for the amount due for
the first publication.

2. **TAXATION—Publication Delinquent Taxes.** The matter of the
printing and publication of delinquent taxes is under the super-
vision and control of the county treasurer. Ruling in Allen &
Rixse v. Board of County Commissioners (12 Okla. 603) adhered
to and upheld.

3. **JUDGMENT—Modified, When.** Where a judgment is rendered by
the district court for an amount greater than the sum due, and
where the excess can be determined by the supreme court, the
judgment will not be reversed, but will be modified and the dis-
trict court directed to enter judgment for the amount due.

(Syllabus by the Court.)

*Error from the District Court of Woodward County; before
Jno. H. Burford, Trial Judge.*

B. F. Willett, County Attorney, and Charles Swindall.
for plaintiff in error.

A. M. Appelget, for defendant in error.

STATEMENT OF FACTS.

The basis of this action was a claim filed before the board of county commissioners of Woodward county, by the defendant in error, Smith, as a claim against said county in the sum of $691.95, for publishing the delinquent personal and real estate tax lists. The commissioners disallowed all of said claim, except $6.52. An appeal was taken by the defendant in error, Smith, to the district court. The case was referred to D. P. Marum, by Chief Justice Burford, who had been assigned to that district. The referee found in favor of the defendant in error, and judgment was rendered against the commissioners for the sum of $624.25. Motion for new trial was filed and overruled, and the commissioners bring the case here on appeal from said judgment.

Opinion of the court by

Pancoast, J.: Several propositions are contended for: First, that the district court never acquired jurisdiction of the appeal from the commissioners, for the reason that the claim filed before the county commissioners was not itemized and verified as required by law. Counsel's position in this regard is not tenable. The claim was itemized as fully and completely as it could have been, as a copy of the publication was filed with the claim. This was a complete itemized statement. The verification was in the usual form, showing just what had been done.

The second proposition, however, has more merit. It is that the assessment of the amount of recovery is too large. The charge made was for publishing both the personal and real estate delinquent tax lists. The personal list, as well

as the real estate list, was published in three consecutive issues
of the paper, and the charge was made for each at the rate
of seventy-five cents for the first insertion and fifty cents
each for the two subsequent insertions. The claim of the
plaintiff in error is that the statute only requires one pub-
lication of the delinquent personal tax list. In this, we think
counsel are correct. The only provision for publication of
the personal delinquent tax list is section 6013 of Wilson's
Annotated Statutes, which provides:

"That all delinquent taxes shall, by the county treasurer,
be advertised in some newspaper published in the county in
which such taxes have become delinquent."

Nothing whatever is said in any provision of the stat-
ute as to how many publications shall be made of the delin-
quent personal taxes, but section 6015 provides, in addition
to the publication notice, that the treasurer shall mail each
delinquent a statement of his personal tax at least thirty
days before putting said delinquent tax warrant into the
hands of the sheriff. Section 6021 provides that the treasurer
shall give notice of the sale of real property by publication
thereof, once a week for three consecutive weeks in a news-
paper. These three sections are all that have any bearing upon
the subject. Some of them are amendments by the legisla-
ture of 1897, some, 1895, and some 1893. The whole statute
on the subject is in just such a condition as one might nat-
urally expect as the result of a lot of unskillful and careless
amendments.

However, inasmuch as the statute does not require that
publication of the delinquent personal taxes shall be published
in more than one issue of a paper, and as it also provides

for a personal notice by letter to the delinquent, and as it provides specifically as to the real estate delinquent taxes, that there shall be three publications, we must conclude that it was intended that only one publication should be required of delinquent personal taxes.

The referee in this case found that the personal delinquent tax list amounted to forty-eight squares, which at the legal rate for publication, would be $84. Forty-eight squares, at seventy-five cents for the first insertion, would amount to $36. Deducting $36. from $84., we find that $48, was allowed for the second and third publications. This, we think, was error. *Endion Imp. Co. v. Evening Telegram Company* 80 N. W. 732.

The next proposition contended for is that Mary De-Lisle having had a contract with the board of county commissioners to do the county printing at the rate of one per cent of the legal rate, and that the defendant in error, in purchasing the paper in which the tax list was printed, at some time agreed with Mary DeLisle that he would assume the obligations of the paper, therefore, the defendant in error was bound to publish the delinquent tax list at the rate agreed upon between Mrs. DeLisle and the board of county commissioners.

In answer to this, it is only necessary to say that the record does not disclose when this agreement to assume the obligations of the paper was made, and, further than that, the contract between Mrs. DeLisle and the board of county commissioners was only for such printing as was furnished by the board of county commissioners. This court has held, *Allen v. Board of County Commissioners*, 12 Okla. 603, that

the board of county commissioners do not control the print-ing of the delinquent tax lists, but that the matter is under the supervision and control of the county treasurer. The contract cannot, therefore, be held to include the printing of delinquent tax lists, as such printing is controlled by the county treasurer.

Some question is raised as to the exclusion of evidence. We think the rulings were correct, as the witness being ex-amined was attempting to give his conclusions, rather than a statement of the facts.

The court below erred in rendering a judgment for a greater amount than the plaintiff below was entitled to, and as the referee specifically found what amount was allowed for the second and third publications, and this court being able to determine that the amount was $48., the judgment of the court below will be reversed, and the proper judgment will be rendered by this court.

The judgment of the district court is, therefore, rever-sed and judgment is hereby rendered in favor of the defend-ant in error, the plaintiff below, for the sum of $576.25, and the clerk of the district court is ordered to enter this judg-ment of record in his office.

Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring.