## LEE v. HAIZLIP.

No. 2126, Okla. T. Opinion Filed September 10, 1909.

On Rehearing March 9, 1909.

(99 Pac. 806.)

1. **REFERENCE—Findings of Fact—Setting Aside.** Where a particular finding of fact of a referee is not predicated upon the issues joined by the pleadings, it should be set aside.

2. **APPEAL AND ERROR—Findings of Referee—Modification of Judgment.** Under our statute, the findings of fact of a referee have the same force and effect as a special verdict of a jury; and where a judgment is entered thereon for an amount greater than the sum due, and where the excess can readily be determined from such findings, the Supreme Court will not reverse such judgment, but modify the same, and direct the court below to enter judgment for the amount due as shown by the findings.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; B. F. Burwell, Judge.*

Action by J. T. Haizlip against L. F. Lee. Judgment for plaintiff, and defendant brings error. Modified.

*Harris & Wilson,* for plaintiff in error.
*Horton & Meister,* for defendant in error.

KANE, J. This was a suit on account commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, in the district court of Oklahoma county, to recover the price of certain goods, wares, and merchandise sold and delivered by the plaintiff to the defendant, upon which account at the time the suit was commenced there was alleged to be due and unpaid the sum of $1,036.41.

The defendant's answer contained a general denial, a specific denial as to the correctness of some of the items of the account attached to plaintiff's petition, and other allegations by way of set-off. The allegations upon which the right to a set-off was based

were to the effect that the defendant entered into the contract for the purchase of the material mentioned in the petition with one Frank Butts as the agent of the plaintiff, and that, on account of certain breaches of said contract, the defendant was entitled to damages in an amount, which, with the other credits claimed, would leave a balance due defendant of $52.02, for which he prayed judgment.

For reply the plaintiff filed a general denial to all the allegations in defendant's answer and cross-petition, except such as are therein specifically admitted, a special denial that Frank Butts was ever his agent in any transactions in reference to the contract for the furnishing of lumber or any part thereof, and for further reply alleged, in substance, that he sold the original bill of lumber to Frank Butts and did not know L. F. Lee in said contract, and that on June 17, 1903, he came to Oklahoma City, and found that Butts was selling said lumber to L. F. Lee. L. F. Lee and Frank Butts made complete settlement, whereby plaintiff herein agreed to furnish the balance of said bill of lumber, deliver it to L. F. Lee, and to assume the contract originally entered into between L. F. Lee and Frank Butts and made complete settlement with L. F. Lee, allowing him damages in the sum of $41.76, which said sum was in lieu of all damages accruing by reason of his failure to keep said contract, as originally contemplated, and that it was found on said date that L. F. Lee was owing on said contract the sum of $633.16, and at that time defendant herein paid the plaintiff $500, and that there remained due $133.16, and that plaintiff furnished the balance of said lumber as per the contract, and agreed to ship thereafter to L. F. Lee direct, and that he paid the entire amount of the original contract and the extras as credited to him by the cross-bill of defendant Lee.

After the issues were joined, the cause was referred to a referee to make findings of fact and conclusions of law, and report the same to the court. When the cause was called for trial before the referee, counsel for both parties entered into a stipulation, in words and figures as follows:

"It is admitted by parties that the plaintiff under the pleadings will be entitled to a judgment for $879.68, with 7 per cent. interest thereon, from October 25, 1904, unless the defendant herein can establish matters of affirmative defense."

In due time the referee reported his findings of fact and conclusions of law as follows:

"First. On June 17, 1905, plaintiff, defendant, and Mr. Butts met together, and agreed in substance as follows: Mr. Butts was to step out of the transaction, and be discharged from all further obligation in the premises. Plaintiff assumed the original contract between Mr. Butts and defendant, and undertook to complete the performance thereof. An account stated was agreed to by and between plaintiff and defendant whereby there was then due plaintiff from defendant, under the terms of said contract, a balance in the sum of $133.16, and it was then and there further agreed by and between plaintiff and defendant that defendant should furnish plaintiff with an itemized statement of the material remaining to be furnished under the terms of the original contract, which said itemized statement defendant did thereafter furnish plaintiff as evidenced by plaintiff's Exhibit No. 1, and which said statement plaintiff accepted as true and correct.

"Second. That the total value of the material contained in plaintiff's said Exhibit No. 1 at the contract price is $885.46.

"Third. That all of said material contained in plaintiff's said Exhibit No. 1 was furnished by plaintiff, and received and accepted by defendant, and plaintiff is entitled to credit therefor in the said sum of $885.46.

"Fourth. That plaintiff's total credit is $885.46, plus $133.-16, which equals $1,018.62.

"Fifth. That defendant is entitled to a total credit of $292.-10 for freight paid on said material contained in plaintiff's said Exhibit No. 1.

"Sixth. That there is due plaintiff from defendant on said account under the terms of said original contract the sum of $726.52.

"Seventh. That plaintiff is entitled to judgment against defendant for the sum of $726.52, with interest thereon at the rate of 7 per cent. per annum from October 21, 1903, to date of judgment and for all costs."

The court approved the report of the referee, and entered

judgment in favor of plaintiff in the sum of $726.52, with interest at 7 per cent. per annum from the 21st day of October, 1903.

Counsel for plaintiff in error complains that the court below permitted the defendant in error to plead one case and prove another; that the plaintiff's petition declared on an account for goods, wares and merchandise, and that, by agreement of counsel, the amount due the plaintiff on his pleadings was $879.68, unless the defendant established his counterclaim; that the referee permitted. the plaintiff to introduce testimony tending to prove an account stated between the parties, and upon such evidence found that there was due and owing to the plaintiff from the defendant the sum of $133.16, for which amount he gave the plaintiff credit in addition to the amount due on the account rendered which the referee found to be $885.46. Under the pleadings and the agreed statement of facts, the findings that the plaintiff was entitled to a credit of $133.16 on the account stated were unwarranted. There was no allegation in the petition claiming credit for such an item, and the agreed statement hereinbefore set out fixed the liability of the defendant so far as plaintiff's pleadings were concerned. For the purpose of avoiding the necessity, of introducing evidence in support of the plaintiff's contention, it was agreed between counsel that the plaintiff under the pleadings would be entitled to a judgment of $879.68 with 7 per cent. interest thereon from October, 1904, unless the defendant herein could establish matter of affirmative defense. Under the circumstances, we think it was error to allow the plaintiff credit for the amount of $133.16 covered by the account stated. The agreement of counsel was binding upon the court and the referee as to the amount due on plaintiff's pleadings, and that amount, less any credits allowed the defendant as a set-off, should have been the basis of the judgment.

The finding in relation to the $133.16, not being within the issues as joined by the pleadings and being contrary to the stipulation of the parties as to the amount due according to the plaintiff's pleadings, must be set aside. Omitting this credit of $133.-

16, the findings of the referee are in practical harmony with the stipulation of the parties, and the theory upon which the case was tried, and by giving the defendant credit for $292.10, the amount the referee found he was entitled to for freight paid on material mentioned in plaintiff's Exhibit No. 1, will make the sum for which judgment should have been rendered on the findings of the referee. Under our statute, when a referee is to report the facts, the report has the same force and effect as a special verdict of a jury. *Shannon v. Petherbridge et al.*, 17 Okla. 507, 87 Pac. 668. Treating the findings of fact of the referee as a special verdict, the court without difficulty may find therefrom the amount for which judgment should have been rendered. Under such circumstances, the judgment of the court below will not be reversed, but will be modified, and the district court directed to enter judgment for the amount due.

"Where a judgment is rendered by the district court for an amount greater than the sum due, and where the excess can be determined by the Supreme Court, the judgment will not be reversed, but will be modified and the district court directed to enter judgment for the amount due." (*Co. Coms. v. Smith,* 18 Okla. 132, 89 Pac. 1121.)

Let the judgment of the court below be modified in conformity with this opinion, the costs to be divided equally between the parties.

All the Justices concur.

***

ON PETITION FOR REHEARING.

Opinion Filed March 9, 1909.

(99 Pac. 1135.)

WILLIAMS, J. Heretofore, by an opinion by this court on the 10th day of September, A. D. 1908, the judgment of the lower court was to be modified and the costs divided equally between the parties.

The plaintiff below, in his amended petition, alleged that the defendant "was indebted to him in the sum of $1,036.41, for goods, wares, and merchandise, consisting of lumber which he sold and delivered to said defendant between the 15th day of November, 1902, and the 19th day of October, 1903, of the value of $3,894.00;" an itemized account thereof being attached to said petition, showing the price of each separate item.

. Afterwards on the 20th day of March, A. D. 1905, the defendant filed his amended answer, denying each and every allegation in plaintiff's petition, except as hereinafter appears. Defendant affirmatively pleaded that he was a general building contractor doing business in Oklahoma City, Oklahoma, and as such he did, on or before the 21st day of November, A. D. 1902, have a contract for the erection and completion of the Epworth University in the city of Oklahoma City; that one Frank Butts was a lumber dealer and broker, and the agent of the said plaintiff, J. T. Haizlip, doing business as a lumber broker, etc.; that on the 21st day of November, A. D. 1902, the said Frank Butts as such lumber broker and agent of the said plaintiff, and with full knowledge of all the terms, conditions, and covenants by the said defendant, L. F. Lee, to be performed in the building and erection of said Epworth University, contracted and agreed with the said defendant L. F. Lee, to furnish and supply to said defendant, f. o. b. cars at Oklahoma City, Oklahoma Territory, a certain bill of lumber and certain extras, a full, true, and correct copy of the memoranda of said contract being attached to said answer; that said Butts covenanted with said defendant to supply and furnish the same at such time and in such manner as might be required for the erection of said building, at the agreed price of $3,650.00; that the said bill of lumber and extras the said Butts, then and there acting as the agent of the said plaintiff, agreed to furnish and supply, all listed in said bill except certain items, at the agreed price of $3,032.97, and the extras in said bill as itemized, aggregating the additional amount; that the said defendant, relying on said contract so made and entered into, proceeded with the erection of

said university, but that plaintiff failed, neglected, and refused to furnish and supply the said defendant with certain items of lumber specified in said contract at such times as the same were needed in the construction of said building, though demand was made for same, and that said defendant was compelled, in order to carry out and fulfill his contract for the building of said university, to purchase certain items of said lumber at local yards at advanced prices, amounting in all to $673.65, the difference between the agreed price on the part of the plaintiff and the reasonable local price paid by defendant; that said contract embraced the furnishing and supplying to said defendant by the plaintiff of 35,-000 feet of 1x10 shiplap, and that said plaintiff furnished the defendant instead thereof, 1x6 shiplap, and that the difference in the value and the cost of laying the said shiplap so furnished by said plaintiff to defendant and that contracted and agreed to be furnished by said Butts, as agent of said plaintiff, is the sum of $257.-25; that said defendant was compelled to use said shiplap so furnished in order to complete said building.

Defendant further alleges that he paid to said plaintiff and to his agent, and for freight on said lumber, the total sum of $2,-827.80, and has paid out as above stated the additional sum of $673.65, and the further sum of $257.25, for and on account of said plaintiff as aforesaid, making the total sum of $3,758.70; that said plaintiff is entitled to a credit for the contract price of said lumber of the sum of $3,032.97, and for extras so furnished by said plaintiff to defendant under said contract, making the total sum of $3,706.68, to which plaintiff is entitled to take credit, and that there is now due and owing to said defendant from said plaintiff a balance of $52.02,—it being further specially pleaded with reference to said shiplap that the said Frank Butts, acting as agent for said plaintiff, agreed and contracted with said defendant at the time that, if defendant would receive and accept said shiplap so delivered by said plaintiff and use the same, said plaintiff would allow said defendant the difference of $4 a thousand feet on account of its inferior quality, amounting to $140.00, and that the

difference between the value in quantity ˙ of the 1x10 shiplap agreed to be furnished and the 1x6 shiplap actually furnished was $117.25. Then follows a prayer for judgment for $52.02.

The plaintiff filed reply to said amended answer and the cause was referred to a referee. On the 15th day of May, A. D. 1905, the cause came on for hearing before the referee. From the report of the referee we quote as follows:

"Prior to the introduction of any, evidence in said matters, the parties, by and through their attorneys and in the presence of your referee, made and entered into the following stipulation, to-wit: 'It is admitted that the plaintiff, under the pleadings, will be entitled to a judgment of $879.68, with interest at the rate of seven per cent thereon from October 25, 1904, unless defendant herein can establish matters of affirmative defense and counter-claim set up in his answer.' Whereupon defendant assumed the burden of proof and the trial proceeded."

From the referee's findings of law, we quote as follows:

"First. That if it is admitted as a matter of fact that the parol agreement between Mr. Butts and Mr. Lee with reference to the allowance on the shiplap, and the credit to be allowed for purchase in local yards, were in fact made and entered into, as testified by Mr. Lee, still, as a matter of law, Haizlip cannot be held to have ratified the same, for the reason that said parol agreements were not brought to his knowledge and he was not cognizant of them at the time of the transaction of June 17,1903. Therefore defendant has failed to establish his affirmative defenses.

"Second. ˙ That by not confining themselves to the issues presented by the matters of affirmative defense plead by the defendant, and having disregarded the stipulation entered into at the beginning of the trial, the parties are deemed to have waived said stipulation."

˙ These data do not appear in the opinion in this case formerly delivered by this court. In that opinion ˙the court found that the $133.16 allowed plaintiff by the referee, in addition to the amount admitted, being not within the issues as joined by the pleadings and contrary to the stipulation of the parties, must be set aside; but the defendant was allowed a credit of˙ $292.10 for freight.

In view of the fact that said $292.10 could not have been allowed except as being proved as a part of an affirmative defense, and the referee having specifically found that the defendant had failed to establish his affirmative defense, whilst the court technically would be justified in rendering judgment here, yet as it appears from the record that the plaintiff was, as a matter of fact, entitled to the $133.16, and the referee found that the defendant had failed to establish his affirmative defense, the inference would be that the $292.10 was sustained by the evidence introduced, under the theory of the parties not confining themselves to the issues presented by the matters of affirmative defense pleaded by the defendant. Whilst we adhere to the rule as announced in the syllabus (paragraph number 2) in the former opinion as an abstract proposition, yet in view of the status of the record in this case we determine that the ends of justice may be more certainly subserved by reversing and remanding this case for another trial. Let the costs of this appeal be taxed against the defendant in error.

Cause reversed and remanded for a new trial.

Turner, Dunn, and Hayes, JJ., concur; Kane, C. J., dissents.