SALTER *et al.* v. OVERSTREET, *County Treasurer.*

No. 7295.   Opinion Filed March 14, 1916.

(166 Pac. 199.)

**NEWSPAPERS—Selection—Sales for Delinquent Taxes—Publication of Notice.** Section 7409, Rev. Laws 1910, makes it the duty of the county treasurer to advertise and sell at public auction real estate purchased by him for the county for delinquent taxes which remains unredeemed for two years from date of sale, and by section 7410, Rev. Laws 1910, he is required to give notice of the sale thereof once a week for four consecutive weeks preceding the sale in some newspaper in the county, and in selecting such newspaper he is. not bound by any order or direction of the county commissioners in reference thereto.

(Syllabus by the Court.)

*Error from District Court, Alfalfa County;*
*James B. Cullison, Judge.*

Action by L. A. Salter and another, partners as Salter & Son, against C. I. Overstreet, County Treasurer of Alfalfa County, State of Oklahoma. Judgment for defendant, and plaintiffs bring error. Affirmed.

*Titus & Talbot,* for plaintiffs in error.

*A. R. Carpenter* and *H. C. Kirkendall,* for defendant in error.

HARDY, J. Plaintiffs in error, plaintiffs below, commenced this action in the district court of Alfalfa county against defendant in error, defendant below, as county treasurer of said county, to compel him to deliver to plaintiffs the copy or manuscript necessary to enable plaintiffs to publish notice of sale of real property purchased by the county at the delinquent tax sale, remaining unredeemed for a period of more than two years.

Action was in the form of mandamus, and the facts in brief are that: A large number of tracts of land had been purchased by the county of Alfalfa at the sales of real estate for delinquent taxes, and had become the property of the county by remaining unredeemed for more than two years. It became the duty of defendant to advertise said land for sale and to sell same after having given notice thereof in the manner required by law. On March 1, 1915, the board of county commissioners of Alfalfa county adopted a resolution designating the Carmen Headlight, a newspaper owned and published by plaintiffs, as the organ in which publication of the notice of sale of the property should be made. Thereafter the defendant prepared the necessary copy and caused same to be published in a newspaper other than that of plaintiffs. At the time this suit was instituted, publication had been completed and the property sold in pursuance of such notice. The trial court found in favor of defendant, and plaintiffs bring the case here.

Certain questions are raised as to the pleadings and the procedure adopted in the trial court; but, passing these to the merits of the case, it appears that plaintiffs' contention is based upon sections 7409, 7410, Rev. Laws 1910, regulating the duty of the county treasurer in the premises. Section 7409 requires the county treasurer, when any real estate has been bid off in the name of the county, to make out a certificate of purchase to said county in the same manner and form as if sale had been to another, which certificate he shall retain in his office, and whenever any such real estate shall be unredeemed for two years from the date of sale, and no person shall offer to purchase same for the taxes, penalties and costs thereon, the county treasurer shall advertise and sell such real

estate as provided therein; and by section 7410 he is required to give notice of the sale of such real estate by publication once a week for four consecutive weeks preceding the sale, in some newspaper in the county.

Plaintiffs contend that by virtue of sections 1479-1499, Rev. Laws 1910, defining the powers of counties, and authorizing the board of county commissioners to exercise such powers, it was the province of the board of county commissioners, and not of defendant, to designate the paper in which the notice required by section 7410, *supra,* should be published.

A similar question was presented in *Allen & Rixse v. Co. Com'rs of Cleveland County,* 12 Okla. 603, 73 Pac. 286. The statute then in force was practically the same as here, except that the notice required to be published was of the sale of real property for delinquent taxes; and it was held it was the duty of the county treasurer to give such notice by publication, and that he might select the newspaper in which the same was to be published, and was not bound to select any particular newspaper with which the county commissioners might have made a contract to do county printing.

The question again came before the court in *Board of Co. Com'rs of Logan County v. State Capital Co.,* 16 Okla. 625, 86 Pac. 518, and under section 101, c. 75, Wilson's Stat. 1903, it was held to be the duty of the treasurer to select the newspaper in which the publication should be made, and that he was not governed by any order or direction of the board of county commissioners in relation thereto.

Again, in *Board of Co. Com'rs v. Smith,* 18 Okla. 132, 89 Pac. 1121, which involved publication of the de-

linquent personal tax list, it was held the matter of printing and publication thereof was under the supervision and control of the county treasurer, following the ruling in *Allen & Rixse v. Board of Co. Com'rs, supra.*

Publication of the delinquent tax list again came before the court in *Stillwater Adv. Ptg. & Pub. Co. v. Board of Co. Com'rs of Payne County,* 29 Okla. 859, 119 Pac. 1002, and the court again declared the county treasurer was authorized under the law as embodied in section 6021, Wilson's Rev. & Ann. Stat. 1903, to contract for the publication of such list and to bind the county therefor.

It is contended, however, that the law has been changed, and that by section 7397, Rev. Laws 1910, the county treasurer is required to give notice of the sale of real property for delinquent taxes by publication in some newspaper to be designated by the board of county commissioners, and, if the board shall fail to designate such paper, then he may select the same, and that thereby the Legislature has evinced an intention to require the notice in question to be published in a paper designated by the county commissioners. This section was adopted in 1909, and is found at page 606, Sess. Laws of that year.

Construing this section, it was held in *Arrow Pub. Co. v. Cherokee County,* 46 Okla. 377, 148 Pac. 996, that it was the duty of the board of county commissioners to designate the newspaper in which the delinquent tax list for the current year should be published, provided such designation was made prior to the 1st day of October; but, in case the board failed to make said designation by that date, it became not only the privilege but the duty of the county treasurer to make such selection. So far

as the intent of the Legislature to authorize the county commissioners to designate the paper in which the delinquent tax list should be published is concerned, it is clear that section 7397 evinces that intent. However, the provisions of Section 7409 remain unchanged, and the proposition that, by the amendment incorporated in section 7397, it was the intention of the Legislature that the notice required by section 7409 should also be published in a newspaper designated by the county commissioners, is not established. It is said that this intent is manifest in sections 1497-1499, above referred to; but these sections were the law at the time of the decision in *Allen & Rixse v. County Com'rs, supra,* and have been in the statutes since that time.

There is no express repeal of section 7409, and if same has been repealed, it must be by implication. It is a familiar rule that repeals by implication are not favored, and that the courts will not hold an earlier statute repealed by a later one unless the conflict between the two is irreconcilable. *State v. Superior Ct. Okla. Co.,* 40 Okla. 120, 136 Pac. 424.

It is necessary to the repeal of a statute by implication that the objects of the two statutes be the same, and, if this is not so, both will stand. *McMillan v. Co. Com'rs,* 14 Okla. 659, 79 Pac. 898.

The presumption of the law is that the Legislature does not intend to make any change in the existing law beyond what is expressly declared. *State v. Hooker,* 22 Okla. 712, 98 Pac. 964; *State v. Oldfield,* 22 Okla. 863, 98 Pac. 925.

The law as it originally stood, under which it was the duty of the county treasurer to designate the medium

in which the publication of notice of sale of real prop-
erty for delinquent taxes should be made, has been changed
so as to require publication to be made in some news-
paper designated by the county commissioners should such
designation be made prior to October 1st of the current
year. Section 7409, relating to the sale of unredeemed
property purchased by the county, has not been changed.
The language of this latter section is similar to the lan-
guage of section 6021, Wilson's Rev. & Ann. Stat. 1903,
prior to the change thereof as embodied in section
7397, Rev. Laws 1910, which was repeatedly construed
in the decisions cited *supra*. The lists required to be pub-
lished in the two sections are different and relate to
different kinds of property, and good reasons may have
suggested themselves to the Legislature why the distinc-
tion should be made. Section 7409 was not changed and
is not repugnant to section 7397, and both are included
in the Revised Laws of 1910 and may stand and each be
given effect, and, this being so, it is the duty of the
court to so interpret the law, and in this view of the
case plaintiffs were not entitled to the writ as prayed,
and the judgment of the trial court is affirmed.

All the Justices concur.