**WARD, County Treas., v. BUTLER.**

No. 16406—Opinion Filed Feb. 16, 1926.

Rehearing Denied March 30, 1926.

(Syllabus.)

1. **Newspapers—Publication Notice of Resale of Real Estate for Delinquent Taxes —Selection of Paper by County Treasurer.**

Sections 9743 and 9744, Comp. Stats. 1921, as amended by chapter 158, secs. 3 and 4, Sess. Laws 1923, make it the duty of the county treasurer to give notice by publication once a week for four consecutive weeks, in some newspaper published in the county, of the resale of real estate purchased by the county for delinquent taxes, which shall remain unredeemed for a period of two years from the date of such sale, and in selecting such newspaper in which to make such publication he is not bound by any order or direction of the county commissioners in reference thereto.

2. **Taxation—Resales—Sufficiency of Publication Notice.**

Under section 3569, Comp. Stats. 1921, such notice would not be invalid because such paper had not been issued or published for a period of 14 days on account of inability to do so because of fire. Neither would it be invalid because two consecutive issues thereof were printed outside of the county, where the record discloses that the paper was issued and mailed to the regular subscribers as usual after having been printed outside the county.

Error from District Court, Cherokee County; J. T. Parks, Judge.

Action by O. E. Butler against Henry Ward, County Treasurer of Cherokee County. Judgment for plaintiff, and defendant brings error. Reversed and rendered.

E. B. Arnold and Bruce L. Keenan, for plaintiff in error.

Vance & Bliss, for defendant in error.

PHELPS, J. Henry Ward, plaintiff in error, who was defendant below, was county treasurer of Cherokee county, Oklahoma, and O. E. Butler, defendant in error. who was plaintiff below, was owner and publisher of the Arrow Democrat, a weekly newspaper published in said Cherokee county. The county treasurer was also the owner, editor, and publisher of the Repub-

lican Star, another weekly newspaper published in Cherokee county.

It appears from the record that the board of county commissioners had awarded the county printing to the Arrow Democrat, and also, by resolution, had instructed the county treasurer to deliver to the Arrow Democrat, for publication, the notice of resale of real estate against which delinquent taxes had accumulated and which had been bought in by the county treasurer for the county. It further appears that the county treasurer sold the Republican Star to Bruce L. Keenan, and a few days thereafter delivered to the new editor of that publication such delinquent resale list to be published therein as provided by law, refusing to deliver such list to the Arrow Democrat. Whereupon O. E. Butler, editor of the Arrow Democrat, filed his petition in the district court of Cherokee county for an alternative writ of mandamus, requiring the county treasurer to deliver such delinquent tax list to him as editor and publisher of the Arrow Democrat, for publication, claiming that the Arrow Democrat was the only newspaper in the county in which legal publication of the delinquent tax resale could be published. He claimed that the county treasurer was the owner of the Republican Star, the only other paper published in the county, and, therefore, could not properly publish the delinquent resale tax list in his own paper, and further claimed that two issues of that paper had not been printed. The court issued the alternative writ, and the county treasurer made his return thereto claiming that he had sold the Republican Star prior to the time the delinquent tax list was delivered to it for publication and that he had no interest in the publication whatever, and further alleged that, while that publication had been damaged by fire, the paper had been issued weekly, it being necessary, however, to have two consecutive issues printed outside of the county, but returned to the county and mailed out in the usual manner, and insisted that as county treasurer the law gave him the right to use his discretion in the selection of a newspaper in which to publish the delinquent resale tax list.

Upon hearing, the court issued the peremptory writ as follows:

"It is therefore considered by the court that the motion for new trial be and the same is overruled, and that a peremptory writ of mandamus issue against Henry Ward, treasurer of Cherokee county, Oklahoma, to the end that he prepare and deliver at once a copy of the resale tax notice of the resale for 1925 of Cherokee county, Oklahoma, to O. E. Butler, plaintiff, for publication and that he pay the costs of this action"

—to reverse which this appeal is prosecuted.

Section 9744, Comp. Stats. 1921, provides that the county treasurer shall give notice of the resale of real estate bought in by the county at delinquent tax sales once a week for four consecutive weeks preceding the sale "in some newspaper in the county." And in Salter v. Overstreet, 53 Okla. 303, 156 Pac. 199, in the syllabus, this court said in reference to the duties of the county treasurer that:

"* * * He is required to give notice of the sale thereof once a week for four consecutive weeks preceding the sale in some newspaper in the county, and in selecting such newspaper he is not bound by any order or direction of the county commissioners in reference thereto."

In that case this court followed the rule laid down in Allen v. County Commissioners, 12 Okla. 603, 73 Pac. 286; Board of County Commissioners v. State Capital Printing Co., 16 Okla. 625, 86 Pac. 518; Board of County Commissioners v. Smith, 18 Okla. 132, 89 Pac. 1121, and Stillwater v. Board of County Commissioners, 29 Okla. 859, 119 Pac. 1002. It, therefore, appears that the law in this state is well settled that the board of county commissioners has no jurisdiction or authority to give directions to the county treasurer as to what paper the resale notice shall be published in, but that matter is left entirely to the discretion of the county treasurer.

It is further contended that the Republican Star was not a legal publication for the reason that, because of the damage by fire, two consecutive issues thereof were printed outside of the county, and also that the county treasurer was the owner of the paper and that he could not legally publish the notice in his own paper. At the trial there were only four witnesses, to wit, Henry Ward, plaintiff in error, O. E. Butler, defendant in error, Bruce L. Keenan, the purchaser of the Republican Star, and H. M. Vance, one of the attorneys for defendant in error, and an examination of all the evidence introduced discloses that, while the printing plant was damaged by the fire to the extent that it was necessary to print two successive issues of the paper outside of the county, yet the paper was regularly issued and mailed to the subscribers just as it had been the custom to do when the paper was printed in its own plant; and even if this had not been true, under section 3569,

Comp. Stats. 1921, a failure, because of the fire, to publish the paper for a period as long as 14 days would not affect the validity of the publication; and all of the evidence introduced, without denial thereof by any witness, shows that the county treasurer had sold the paper, together with the plant, good will and all equipment, and had no connection, financial or otherwise, with it at the time the resale tax list was delivered to it for publication and at the time of the commencement of this action, and, in our opinion, the evidence introduced did not justify the issuance of the writ.

The judgment of the district court is therefore reversed, and judgment here rendered on behalf of plaintiff in error.

NICHOLSON, C. J., and HARRISON, LESTER, and CLARK, JJ., concur.