V. BLAKE, *as Administrator of the estate of H. P. Wood-ward, deceased,* v. SUSAN M. PRATT.

**No. 259.**

LIMITATION OF ACTION — *Implied Contract for Services — Accrual of Cause of Action.* A cause of action accrues on an implied promise to pay the reasonable value of services rendered, without agreement as to time of payment or the length of time such service shall continue, when the service ends.

Error from Elk district court; A. M. JACKSON, judge. Opinion filed October 21, 1898. Affirmed.

*L. Scott,* for plaintiff in error.

*Dan. Carr,* for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J.: This action was commenced in the probate court of Elk county by the defendant in error, Susan M. Pratt, to recover from V. Blake, administrator of the estate of H. P. Woodward, deceased, for personal services rendered by her to said Woodward in his lifetime, commencing October 18, 1883, and continuing until his death, on December 1, 1893.

The petition alleges:

"That on or about the 18th day of October, 1883, at Elk Falls, in the county of Elk, the said H. P. Woodward was taken sick, and was bedfast and dangerously sick for the period of about six months; that during all of said sickness of said Woodward this plaintiff nursed him and cared for him; that when said deceased recovered from said spell of sickness he retained said claimant in his employ continuously up to the time of his death, and that said claimant nursed him during his last sickness; that during all of said period of time, to wit, from the 18th day of October,

1883, to the 1st day of December, 1893, said deceased was affected with heart and stomach trouble, and was subject to sick spells and was sick a great many times— the exact times and dates when said deceased was sick this claimant is unable to give, but said sick spells of said deceased were very frequent and severe ; that during each and every spell of sickness of said deceased, during all of said times of ten years and more, this claimant nursed and cared for said deceased, and during all of said time this claimant attended to the washing, ironing and mending of the clothes of the deceased ; that said deceased was a bachelor and had a room where he made his home ; that during all of said time this claimant kept his room neat and tidy and made his bed ; that at all times when deceased would be absent he always delivered the keys to his room and trunk to this claimant and requested her to see and attend to. his things, which this claimant always did.   Claimant further says, that there never was any express agreement between her and deceased as to how much she should receive for said services, yet she avers that said services were reasonably worth to said deceased the said sum of $125 a year for each and every year, amounting to the aggregate sum of $1265 ; that deceased never paid to said claimant anything whatever for said services.''

The evidence shows that Mrs. Pratt rendered the services and that Woodward accepted them.   There was no evidence introduced tending to show that he had retained her to perform those services.   Mrs. Pratt did not testify, but the other witness testified that she nursed him and cared for him whenever he needed it and continously tended his room and did his washing.   The court found in favor of Mrs. Pratt and rendered judgment in her favor for the sum of $1265.   Blake brings the case here for review.

Counsel for both parties concede that there is only one question involved and that is the statute of limita-

tions. Plaintiff in error contends that all that part of defendant in error's cause of action accruing more than three years prior to the death of Woodward is barred by the statute. On January 30, 1894, defendant below filed in the district court an offer to permit the plaintiff below to take judgment for $400 and all costs to that date. This offer was refused. Counsel for defendant in error contends that the action was on a contract for services, which could have been terminated by either party at any time, or by the death of either party, and hence was capable of being performed within one year, and therefore does not come within the statute of frauds ; and that being a continuous contract for services, the cause of action does not accrue until the services are completed and the contract terminated.

There being no evidence of a contract between the parties, the defendant in error must recover on an implied contract from Woodward to pay what the services were reasonably worth. For this reason, the statute of frauds does not enter into this case. The contract was not void, for there was no contract. The question then arises as to when a cause of action accrues on an implied contract to pay the reasonable value of services rendered. Does the cause of action accrue at the end of each day, week, month, or year? The rule seems to be stated in *Carney v. Havens*, 23 Kan. 86, wherein the court quoted approvingly from *Littler v. Smiley*, 9 Ind. 116, as follows :

" Against an account for work and labor done under an agreement for payment, not specifying at what time such payment should be made or how long such labor should be performed, the statute of limitations does not commence running until the labor ends."

We see no difference in principle between that case and this.   That was an account for work and labor done under an agreement of payment.   This is an account for work and labor done under an *implied* agreement of payment.   This cause of action, therefore, accrued when the labor ended by the death of Woodward.

The judgment of the district court is affirmed.