## STILLWATER ADVANCE PRINTING & PUBLISHING CO. v. BOARD OF COMM'RS OF PAYNE COUNTY.

### No. 1002.    Opinion Filed November 14, 1911.

(119 Pac. 1002.)

1. **TAXATION—Delinquent Taxes—Costs of Publication—Statutes.** That portion of sec. 3060 of Wilson's Rev. & Ann. Stat. which provides that an officer whose duty it is to have the publication of a legal notice made shall pay ''for publishing lists of land upon which taxes are delinquent, each description twenty cents, for publishing each description of town lots on which taxes are delinquent ten cents,'' was repealed by sec. 6021 of Wilson's Rev. & Ann. Stat.

2. **SAME.** Sec. 6021 of Wilson's Rev. & Ann. Stat. authorizes the county treasurer to contract for the publication of delinquent tax lists and to bind the county to pay therefor not exceeding twenty-five cents for each tract of land and ten cents for each town lot advertised for sale.

3. **SAME—Claim of Publisher—Time of Accrual.** Where the county treasurer has procured a publisher to publish the delinquent tax list, without any agreement as to what the publisher shall be paid therefor, or as to when the same shall be paid, the publisher is entitled to receive from the county as his compensation the reasonable value of his services rendered, not exceeding the limit fixed by sec. 6021 of Wilson's Rev. & Ann. Stat., and his claim therefor accrues at the time of the last publication of the tax list.

4. **SAME—Limitation of Actions on Claims.** A claim for compensation for publishing a delinquent tax list of real estate, made without any agreement as to the time of payment and not presented to the board of county commissioners for more than four years after the last publication of the list, is barred by sec. 1253 of Wilson's Rev. & Ann. Stat.

(Syllabus By the Court.)

*Error from District Court, Payne County; L. M. Poe, Judge.*

Action by the Stillwater Advance Printing & Publishing Company against the Board of Commissioners of Payne County. Judgment for defendants, and plaintiff brings error. Affirmed.

On the 21st day of July, 1908, plaintiff in error filed with the county clerk of Payne county its claim against said county for the publication of the delinquent tax list of that county for the year 1903. The claim filed by it consists of a statement in the form of an account and a separate statement, setting up all the facts pertaining to its claim. It alleges that its claim is for compensation for the publication of the delinquent tax list for the year 1903; that the first publication occurred on October 22, 1903, and the last publication occurred on the 5th day of November of the same year; that the list consisted of 470 descriptions of tracts of land and 1,550 descriptions of town lots; that the legal fees for the publication of the former are twenty-five cents each, and for the publication of the latter, ten cents each. It alleges that the county has collected said sums on each tract of land and town lot respectively; and that the last of said collections was made on June 4, 1907; that none of the fees so charged and collected by the county have been paid to plaintiff in error. The board of county commissioners rejected his claim, and an appeal was taken by plaintiff in error to the district court, where a demurrer by defendant in error to plaintiff's petition was sustained and the cause dismissed at plaintiff's cost. To reverse that judgment, this proceeding is prosecuted.

*Freeman E. Miller,* for plaintiff in error.

*J. W. Reece,* for defendants in error.

HAYES, J. By act of the territorial Legislature, entitled "An act to regulate printer's fee for public printing," which took effect December 25, 1890 (sec. 3060, Wilson's Rev. & Ann. Stat.; sec. 3443, Comp. Laws 1909), it was provided that the officer whose duty it is to have the publication of a legal notice made, shall pay "for publishing list of land upon which taxes are delinquent, each description twenty cents. For publishing each

description of town lots on which taxes are delinquent, ten cents."
By Act March 8, 1895, the foregoing act was in part repealed.
The later act provides that the treasurer of the county shall give
notice of the sale of real property by the publication thereof
for three consecutive weeks in some paper in the county, and pro-
vides further that:

"The county treasurer shall charge and collect, in addition
to the taxes and interest and penalty, the sum of twenty-five
cents on each tract of real property, and ten cents on each town
lot advertised for sale, which sum shall be paid into the county
treasury, and the county shall pay the cost of the publication,
but in no case shall the county be liable for more than the amount
charged to the delinquent lands for advertising." (sec. 6021, Wil-
son's Rev. & Ann. Stat.; Comp. Laws 1909, sec. 7636.)

This act empowers the county treasurer to contract with
any newspaper of the class mentioned therein to publish the de-
linquent tax list (*Allen & Rixse v. Co. Commr's Cleveland Co.,*
12 Okla. 603, 73 Pac. 286); and he may contract the amount
the county shall pay therefor, provided, said amounts shall not
exceed the amount the act requires to be charged against each
tract of land and town lot advertised, which is twenty-five cents
and ten cents, respectively. In this respect this act is in conflict
with the act of 1890 (§3060, [3443] *supra*). That statute leaves
nothing to the discretion of the officer requiring the publication.
It fixes arbitrarily the sum to be paid, to wit, twenty cents for
each tract of land and ten cents for each town lot. Section 2061
of Wilson's Rev. & Ann. Stat. does not provide that any specific
amount shall be paid, or that the taxpayer shall pay the publish-
ers, or that the publishers shall receive the fees taxed against
each tract and lot of land. In that event, the county would re-
ceive and hold the fees in trust for the publisher; but it does
provide that, upon publication of the list, the county becomes
liable therefor in the amount agreed upon, not exceeding the
amount charged against the land and lots advertised. It will be
noticed that the limitation upon the amount for which the county
may become liable is the "amount charged" against the lots
and lands advertised, and not the amount collected. The amount

for which the county may become liable may be less than said fees charged, if so agreed upon between the publisher and the county treasurer; but cannot be more. Said fees are paid into the county treasury, and "the county shall pay the cost of the publication." The right of the newspaper making the publication to collect compensation for its services is not dependent upon the county collecting the fees from the taxpayer; but it is entitled thereto for the amount agreed upon, when it has performed the services or at the time agreed upon for the payment. We cannot, therefore, concur with counsel for plaintiff in his contention that the fees collected by the county were the property of the publisher and held in trust by the county for it, and that the statute began to run as against plaintiff in error on June 4, 1907, the date on which the county collected the last of said fees.

The demurrer to the petition was sustained by the trial court upon the ground that the petition discloses on its face that the claim of plaintiff is barred by the statute of limitations. There was no express agreement between the county treasurer and plaintiff in error as to what it should receive as its compensation for publishing the list, or when it should be paid. The list, however, was published upon the request of the county treasurer, the officer of the county authorized to contract and bind the county therefor, and the services were rendered as prescribed by the statute. Under such circumstances, there is an implied promise upon the part of the county to pay the reasonable value of the services rendered, not exceeding, of course, the limitation upon the amount fixed by the statute; but section 1253 of Wilson's Rev. & Ann. Stat. (sec. 1611, Comp. Laws 1909), provides:

"No account against the county shall be allowed unless presented within two years after the same accrued. Provided, that if any person having a claim against the county be (at the time the same accrued) under any legal disability, every such person shall be entitled to present the same within one year after such disability shall be removed."

There is no claim in this case that any legal disability has ever existed.

"Under an ordinary contract for services for a stated period, whether long or short, no time for payment being agreed upon, the right of action accrues immediately upon the completion of the term of service." (§120, Wood on Limitations [3rd Ed.])

The same rule applies to an implied agreement for payment. *Blake, Adm., v. Pratt,* 8 Kan. App. 486, 54 Pac. 806; *Markey v. School District No. 18,* 58 Neb. 479; *Jones, Adm., v. Lewis,* 11 Tex. 359. There was no agreement in this case as to the time of payment. Plaintiff's right thereto, therefore, accrued at the time of the last publication of the delinquent tax list, which was on November 5, 1903, more than four years prior to the presentation of his claim to the board of county commissioners. It is, therefore, barred by the statute of limitations (§ 1253, *supra*), and the judgment of the trial court should be affirmed.

All the Justices concur.