## MUSKOGEE TIMES-DEMOCRAT v. BOARD OF COM'RS OF MUSKOGEE COUNTY.

No. 10656—Opinion Filed Oct. 14, 1919.

(Syllabus by the Court.)

1. Taxation—Notice of Sale—Charges for Publication.

Section 3258, Rev. Laws 1910, in referring to the fees for the publication of lists of land on which taxes are delinquent, is a general statute, while section 7397, in so far as it refers to the cost of publication, is a special statute referring only to the publishing of notices of the sale of lands for de-

linquent taxes provided for in said section; and the former section of the statute is not repealed by the latter. Overruling Stillwater Advance Printing & Publishing Co. v. Board of County Commissioners of Payne County, 29 Okla. 859, 119 Pac. 1002.

**2. Statutes—Special and General Statutes—Construction.**

Where there are two provisions of the statutes, one of which is special and particular and clearly includes the matter in controversy, and where the special statute covering the subject prescribes different rules and procedure from those in the general statute, it will be held that the special statute applies to the subject-matter, and that the general statute does not apply.

**3. Taxation—Sale—Purchase by County—Certificate—"Delinquent Lands."**

When the lands as provided for in section 7397, Rev. Laws 1910, have been offered for sale for delinquent taxes, and no one bids the amount due thereon for taxes, penalty and costs, and the same is bid off in the name of the county and a certificate of purchase issued to said county, the effect of the certificate is to maintain, in statu quo, the county's lien on said lands for taxes and assessments, and as long as the certificate is held by the county the taxes and assessments due on said lands are still unsatisfied and unpaid and remain so, unless the county assigns said certificate, or until the lands have been bid in by the county at a re-sale or redeemed by the owner, and until said time, said lands are termed "delinquent lands."

**4. Same—Notice of Sale—Charges for Publication.**

The amount of liability of the county for publishing notice for re-sale of lands, as provided for in sections 7409-7411, is controlled by section 3258, Rev. Laws of 1910.

Error from District Court, Muskogee County; Benjamin B. Wheeler, Judge.

Appeal of the Muskogee Times-Democrat from the action of the Board of County Commissioners of Muskogee County in refusing to allow a claim. From judgment for the county, the claimant brings error. Affirmed.

J. C. Stone, Chas. A. Moon, and Francis Stewart, for plaintiff in error.

R. E. Jackson, Asst. County Atty., and W. W. Cotton, County Atty., for defendants in error.

McNEILL, J. This proceeding was commenced by the Muskogee Times-Democrat filing with the board of county commissioners of Muskogee county its claim for $6,075, for publication of notices of tax re-sales in Muskogee county. The publication consisted of 2,700 nonpareil squares, for which the paper made a charge of 75 cents per square for the first insertion, and 50 cents per square for subsequent insertions. The board of county commissioners disallowed the claim in part and from the order disallowing the claim the Muskogee Times-Democrat appealed to the district court. On trial of the case in the district court the court allowed the claim in the sum of $787.80 and disallowed the remaining part of the same.

The facts were not disputed. The publication consisted of 10,248 separate items. Counting the separate descriptions of lots in the publication, the total number of lots involved were 7,878, which referred to the general tax, penalty and cost of each lot for each year. It is admitted that the remaining 2,370 items referred to the sewerage tax and pavement tax, each with the penalty and cost. The court awarded judgment for the 7,878 items, each item covering a town lot at 10 cents per lot, and disallowed the sewerage and pavement items, since they should have been included in the general tax items. From said judgment, the Muskogee Times-Democrat has appealed.

It is argued on appeal by plaintiff in error, first, admitting that the re-sale of lands as provided in sections 7409, 7410, and 7411, Rev. Laws 1910, is the advertising of delinquent lands, there is no statute controlling the amount to be paid for the publication of the notice of said delinquent lands. There being no contract, the cost for publishing said notices is controlled by that portion of section 3258, Rev. Laws 1910, which provides for payment of the publication at so much per inch. Second, it is argued that the publishing of the re-sale list, as provided in sections 7409, 7410, and 7411, is not a publication of delinquent lists of land.

We will consider the questions in the order they are briefed.

First: Admitting the publication of the re-sale notice is the publication of lists of delinquent lands. It is admitted that section 7411 does not specify the amount the county shall pay for such publication. We then look to section 3258, Rev. Laws 1910, which is a general statute and provides as follows:

"For publishing lists of lands upon which taxes are delinquent, each description, 20 cents. For publishing lists of town lots on which taxes are delinquent, each description, 10 cents."

It is suggested that this portion of the statute has been repealed by section 7397, Rev. Laws 1910, and was so held by this court in the case of Stillwater Advance Printing and Publishing Company v. Board of County Commissioners of Payne County, 29 Okla. 859, 119 Pac. 1002. This is true, but from an ex-

amination of that case we think the premises adopted by the court in arriving at its conclusion were erroneous.

The court in the opinion in that case stated that section 3060, Wilson's Rev. & Ann. Statutes, which statute is the same as section 3258, Rev. Laws 1910, was repealed by section 6021, Wilson's Revised Statutes, which is the same as section 7397, Rev. Laws 1910. The opinion in that case states that section 3060 of Wilson's Revised Statutes became effective September 25, 1890, and that section 6021 became effective in March, 1895, but as to section 6021 becoming effective in March, 1895, the court was in error. This, no doubt, occurred by reason of the statement in the opinion in the case of Allen & Rixse v. Board of County Commissioners of Cleveland County, 12 Okla. 603, 73 Pac. 286, that the section which is 6021 of Wilson's Revived Statutes became effective in March, 1895. But from an examination of the statute, or that portion of the same which is material, we find it became effective in December, 1890, at the time of the adoption of the 1890 Code. It is true that it was amended in 1895, but only as to the date when said publication notice should be made.

But looking to the history of the two statutes, we find that the portion of section 3258 which is as follows:

"For publishing lists of lands upon which taxes are delinquent, each description, 20 cents. For publishing lists of town lots on which taxes are delinquent. each description, 10 cents"

—was section 2919 of Laws of 1890, section 2901 of Laws 1893, and section 3060 of Rev. Laws of 1903. section 7397 of Rev. Laws of 1910, or the following portion thereof, to wit:

"The county treasurer shall charge and collect in addition to the taxes, interest and penalty the sum of 25 cents on each tract of real property and 10 cents on each town lot advertised for sale, which sum shall be paid into the county treasury and the county shall pay the costs of publication, but in no case shall the county be liable for more than the amount charged to the delinquent lands for advertising"

—was a portion of section 6206 of Laws of 1890. section 5651 of Laws of 1893. and section 6021 of Rev. Laws of 1903.

When the court in the case of Stillwater Advance Printing & Publishing Company v. Board of County Commisioners of Payne County, 29 Okla. 859. 119 Pac. 1002, adopted the theory that this portion of section 6021, Rev. Laws of 1903, was not adopted until 1895, it was in error, while it would have made no difference in the result in that case,

as the publication notice in that case was governed by said section 6021.

The opinion should have stated that section 3060. Wilson's Laws 1903, referred generally to publication of notice for sale of lands for delinquent taxes, while section 6021, Wilson's Laws of 1903, referred only to publications designated in that section, and therefore section 3060 was a general statute and 6021 a special statute, and as the publication in that particular case was the publication designated in section 6021, it would follow that the publication was controlled by the special statute, section 6021, and not by the general statute, section 3060.

The rule of construction of the statutes, where one is a special statute and the other a general statute, covering the same subject-matter was stated by this court in the case of Gardner v. School District No. 87, Kay County, 34 Okla. 716, 126 Pac. 1018:

"Where there are two provisions of the statute, one of which is special and particular and clearly includes the matter in controversy, and where the special statute covering the subject prescribes different rules and procedure from those in the general statute, it will be held that the special statute applies to the subject-matter, and that the general statute does not apply."

We therefore refuse to follow the former opinion in that respect, and the same will be overruled in so far as it is in conflict with this opinion.

Section 3258 and section 7397, as adopted in the Revised Laws of 1910, are both in full force and effect. Section 3258 is a general statute and section 7397 is a special statute, applying only to publication referred to in that section, and has no application to the publication involved herein. In the publication of the notices of re-sale of delinquent lands, as provided for in section 7411, the cost of publication is controlled by section 3258.

The second contention of the plaintiff in error is that the re-sale of lands, as provided in sections 7409. 7410, and 7411, is not the advertising of lands upon which taxes are delinquent, nor are such lands classified as delinquent lands. The lands advertised for re-sale as provided for in section 7409, 7410, and 7411 are those lands which have once been offered for sale as provided in section 7397, for failure to pay the taxes. It is provided by section 7406 that the county treasurer in the sale of delinquent lands controlled by section 7397, in case no other bidder offers the amount due for taxes, penalties and interest, is authorized to bid off all or any real estate offered for sale in the name of the county. and a certificate of purchase

shall be issued to the county. Said section of the statutes provides that the county acquires all the rights, both legal and equitable, that any other purchaser acquires by reason of such purchase. While it is true said section of the statute contains the above provision, it will be noticed that the rights of the county are very different from that acquired by an individual when receiving the tax certificate. If an individual purchases at the delinquent tax sale, a certificate is issued to him. He pays the amount of taxes due thereon. The statute then provides that if the same is not redeemed by the owner within two years, the purchaser may proceed to give 60 days' notice to the owner of the land and the person in possession to redeem, and if he fails to redeem said land, the purchaser may acquire a tax deed to the same. When an individual purchases at the delinquent tax sale, provided for in section 7397, Rev. Laws 1910, the taxes are paid by him, and the land no longer is delinquent nor are the taxes unpaid. In cases where the county is required to bid the same in, when no one else offers to pay the amount of taxes due and penalties and costs, a certificate is issued to the county. The county does not pay the taxes due thereon to the county treasurer, nor does the county, township, or school district or subdivision of the county receive their proportionate share of the taxes. The certificate is simply held by the county, with the right to assign the certificate to any one who will pay the amount of taxes, penalty and costs due thereon, and subject to the land being redeemed by the landowner. If the county is unable to assign the certificate to any one for two years, or if the landowner fails to redeem the same within said time, the law then provides that the county, upon proceeding as provided in sections 7409, 7410, and 7411, shall readvertise the property and sell the same to the highest bidder for cash, provided his bid equals the amount of taxes, penalty and cost due on said land, and if no one makes such a bid, then the county may become the purchaser thereof. So it can be seen that the right acquired by the county and an individual are very different. The purchaser of a certificate may proceed and obtain a title through his purchase; this the county can not do.

We have been unable to find any case exactly in point upon this particular question, and none has been cited to us by either side, and since all of the states have different statutes and different procedure, it is therefore hard to find a case very analogous to the one at bar. The Supreme Court of Minnesota, in the case of Chauncey v. Wass, 30 N. W. 826, on page 830, in defining delinquent tax, used the following language:

"To constitute a legally delinquent tax on land three things are necessary: First, that the land is subject to taxation; second, that the tax authorized by law has been levied on it in the manner provided by law; third, that the tax remains unpaid after the time appointed by law for its payment."

The Supreme Court of Nebraska, in a case where the county had bid in the lands at a delinquent sale and had received a certificate therefor, in the case of Lancaster County v. Trimble et al., 52 N. W. 711, held:

"Taxes are levied by and are due the county, either for itself or as trustee for various corporations, such as the state, cities, villages and school districts. Where a county purchases the lands for delinquent taxes, it is unnecessary, therefore, for it to pay the treasurer the amount of such delinquent taxes."

The Supreme Court of New Jersey, in the case of Maginnis v. Rugerford, 63 Atl. 16, quoted from the case In re Report of Commissioners of Adjustment of the City of Elizabeth, 10 Atl. 363, as follows:

"By the city charter, the certificate of sale does not transfer or divest the title. The certificate by section 84, after it is recorded, constitutes simply a continuance of the original lien. * * * A certificate of sale made to the city in effect maintains its lien for taxes and assessments in statu quo. Every thing is in fieri until a declaration of sale, duly executed and recorded, divests the title of the owner. Until that is accomplished, the taxes and assessments are still unsatisfied and unpaid, and as such are subject to adjustment under this act."

We think the rule adopted by the Supreme Court of New Jersey is the sound rule, and that, under the statutes of this state, a certificate of sale made to a county in effect maintains its liens for taxes and assessments and holds the same in statu quo, and that the taxes and assessments are still unsatisfied and unpaid until the certificate of sale is assigned by the county to a purchaser, and the county receives the money therefor, or, until a re-sale has occurred and the county has purchased at a re-sale and has become the owner of the land; that so long as the county holds the certificate of purchase, the taxes are still unsatisfied and unpaid and the lands delinquent.

The plaintiff in error cites and relies upon the case of Wilson v. Wood, 10 Okla. 279, 61 Pac. 1045, but this was a case where an individual had purchased the tax certificate and the money was paid into the county treasurer, and under those conditions the court held that the land was not delinquent for the reason that the taxes had been paid.

The purchaser of a certificate had a lien upon the land, and after two years from the date of the certificate, upon giving notice to the owner of the land and the party in possession, if he failed to redeem the same the purchaser could receive a tax deed therefor. But in the case at bar, the taxes had not been paid by anyone. The certificate of purchase was held by the county and in so far as the taxes are concerned they were simply held in statu quo and the certificate could not ripen into title, so long as it was held by the county, until the lands were readvertised by the county and sold, and if no one offered to bid the amount due for taxes, penalty and costs, the county could purchase the same, and become the owner thereof.

We therefore conclude that the advertisement of lands, as provided for in sections 7409, 7410, and 7411 is the advertisement of list of lands upon which taxes are delinquent and the charge for publication is controlled by section 3258, Rev. Laws 1910.

For the reasons stated, the judgment of the district court is affirmed.

OWEN, C. J., and RAINEY, JOHNSON, and HIGGINS, JJ., concur.