## STATE ex rel. DAVIS, Exec'r, etc., v. BEATTY, Judge, et al.

No. 5983—Opinion Filed Dec. 23, 1919.

(Syllabus by the Court.)

**Prohibition—Right to Permanent Writ — Failure of Respondents to File Brief.**

In an application for a writ of prohibition in this court, where the court has issued a

temporary writ, and the plaintiff has observed and filed his brief in compliance with the rules of this court, and the case has been properly submitted, and the defendant has neither filed a brief nor offered an excuse for such failure, and the brief of plaintiff appears reasonably to sustain his position and to support the petition for a writ of prohibition, the temporary writ will be made permanent.

Appeal from the County Court Pottawatomie County; W. S. Pendleton, County Judge.

Action by the State, on the relation of J. Warren Davis, executor of will of Harriet H. Nichols Cook, deceased, and ancillary administrator thereof, against Wm. Beatty, pretended special judge of Pottawatomie County Court, and others, for writ of prohibition. Alternative writ made permanent.

T. G. Cutlip, for J. Warren Davis.

A. L. Baldwin and S. R. Pitman, for Wm. Beatty et al.

McNEILL, J. This was an original action brought in this court by the state of Oklahoma ex rel. J. Warren Davis, executor of the last will and testament of Harriet H. Nichols Cook, deceased, and ancillary administrator thereof, against William Beatty, special judge of the county court of Pottawatomie county et al. The petition is very voluminous, and sets up the fact that William Beatty is pretending to act as special judge of the county court of Pottawatomie county in the estate of Harriet Nichols Cook, deceased. The petition sets forth that the regular county judge entered an order disqualifying himself in said case, and thereafter set aside said order, except as to being disqualified to pass upon a claim of Mr. Reily, and that the defendant Beatty is attempting to act as special judge in said case and attempting to remove the plaintiff as executor of said estate.

The defendant filed a response to said petition, and the case was regularly set down for hearing on the 9th day of April, 1918. On the 2d day of January, 1918, the plaintiff filed his brief, which was served on the defendants, and the defendants have failed to file any brief, or give any excuse for not complying with the rule of the court in that respect. On the 7th day of December, 1917, the plaintiff served a notice upon the defendants that he was filing a motion for judgment on the pleadings, to make the temporary writ of prohibition permanent. This motion was filed December 8, 1917, but no response had been filed to the same, and no brief on behalf of the defendant.

The rule adopted by this court is as follows:

"Where plaintiff in error has served and filed his brief in compliance with the rule of this court, and defendant in error has neither filed a brief nor offered an excuse for such failure, the court is not required to search the record to find some theory upon which the judgment of the court below may be sustained, but may, where the brief appears reasonably to sustain the assignments of error, reverse the case in accordance with the prayer of the petition." St. Louis, & S. F. R. Co. v. Haworth, 48 Okla. 132, 149 Pac. 1086; Hampton v. Thomas, 35 Okla. 529, 130 Pac. 961, and a long line of subsequent decisions.

An examination of the plaintiff's brief appears reasonably to sustain the position of the plaintiff that he is entitled to the permanent writ of prohibition in said action, and defendants having failed to file any brief in support of their contention, the temporary writ of prohibition will be made permanent.

OWEN C. J., and KANE, JOHNSON, HIGGINS, and BAILEY, JJ., concur.