## HINES v. BOARD OF COM'RS OF KAY COUNTY.

No. 10579—Opinion Filed May 2, 1922.

### (Syllabus.)

**1. Taxation—County Assessor—Claims for Compensation—Estoppel.**

When a county assessor presents to the board of county commissioners a claim for the alleged balance due on his compensation for a given year, and the same is disallowed, he is not estopped to maintain an action on the claim so presented and disallowed because of the fact that he has received payment of other claims presented and allowed as a portion of such compensation.

**2. Same—Compensation—Statute.**

Under section 16, chapter 152, Session Laws 1910-11, the compensation to be paid county assessors was based upon the entire property valuation of the county, and in computing such compensation, the valuation of public service corporations within the county should be included.

**3. Same—Time to Present Claim—Bar of Statute.**

A claim for compensation of a county assessor for assessing property for a given year, not presented to the board of county commissioners within two years after the same accrued, is barred by section 1570, Rev. Laws 1910, and the claimant cannot maintain an action thereon.

Error from District Court, Kay County; J. W. Bird, Judge.

Action by George W. Hines against the Board of County Commissioners of the County of Kay for compensation for services as County Assessor. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Claude Duval, for plaintiff in error.

Howard F. Wilson, for defendant in error.

NICHOLSON, J. On the 20th day of August, 1918, the plaintiff in error, as plaintiff, brought this action against the defendant in error, as defendant, to recover a balance due him as compensation as county assessor of Kay county for the years 1915 and 1916.

The allegations of the petition are, in substance, as follows: That the plaintiff was at all the times in said petition mentioned the duly elected, qualified, and acting county assessor of Kay county; that during the year 1915 he duly listed, assessed, and returned all the property in said county which was liable to taxation; that the total valuation of all property in said county in said year returned for taxation, including public service corporations, amounted to the sum of $28,650,000; that plaintiff was entitled to receive as his compensation for the services of himself and deputies in making such assessment and return for said year the following: Upon the first $2,000,000 assessed valuation, five cents per $100; upon the next $3,000,000 valuation, two and one-half cents per $100, and upon the balance of said valuation one and one-half cents per $100, or a total sum of $5,313.44; that plaintiff was paid thereon for said services the total sum of $4,513.99, leaving a balance due him for said year of the sum of $799.45; that during the year 1915 plaintiff was advised by the county attorney of said county that he was not entitled to receive said balance of $799.45, and for that reason plaintiff refrained from filing a claim or demanding payment for the same; that in 1918 plaintiff learned that he was in fact justly entitled to receive and be paid the said balance of $799.45, and on the 31st day of July, 1918, he filed in the office of the county clerk of Kay county his claim, verified by his oath, for said balance, and on the 5th day of August, 1918, said claim was by the board of county commissioners of said county disallowed and rejected. A copy of said claim is attached to the petition as exhibit "A".

The second cause of action contained in the petition is practically the same as the first except in amount, being for the sum of $794.55, which is alleged to be the balance due for his compensation for the year 1916. The plaintiff prayed judgment on both causes of action for the sum of $1,594, with interest thereon at the rate of six per cent. per annum from the 5th day of August, 1918.

The defendant interposed a general demurrer to each cause of action contained in the petition, which demurrer was by the court sustained. The plaintiff elected to stand upon his petition, whereupon judgment was rendered dismissing the cause, to review which this proceeding in error is brought.

Two questions are presented for determination: First, is the plaintiff precluded from maintaining this action by section 1631, Rev. Laws 1910, which reads in part as follows:

"When any allowance, either in whole or in part, is made upon any claim presented to the board of county commissioners and is accepted by the person making the claim, such allowance shall be a full settlement of the entire claim."

Second, is plaintiff's first cause of action barred by section 1570, Rev. Laws 1910, which provides:

"No account against the county shall be allowed unless presented within two years after the same accrued: Provided, that should any person having a claim against the county be (at the time the same accrued) under any legal disability, such person shall be entitled to present the same within one year after such disability shall be removed."

The first question must be answered in the negative. The petition shows on its face that the claim sued upon had never been presented to the defendant prior to July 31, 1918, and that the sums demanded had never been included in any claim presented. Therefore, the plaintiff is not estopped from maintaining an action upon the claim sued upon because of the fact that he had received payment of other claims presented and allowed as a portion of his compensation. Board of County Commissioners of Atoka County v. Cypert, 65 Okla. 168, 166 Pac. 195.

Under section 16, chapter 152, Session Laws 1910-11, the compensation of the plaintiff was based upon the entire valuation of the county, and in computing such compensation the valuation placed upon public service corporations within the county should have been included. Board of County Commissioners of Atoka County v.

Cypert, supra; Thomas v. Commissioners of Hughes County, 43 Okla. 616, 143 Pac. 665.

While the Legislature sought to amend section 16, chapter 152, Session Laws 1910-11 by the act approved May 13, 1913 (chapter 210, Session Laws 1913), by providing that the compensation of county assessor's should not include values placed upon public service corporations or other property assessed by the State Board of Equalization, this act was held unconstitutional in the case of Pottawatomie County et al. v. Alexander, County Assessor, 68 Oklahoma, 172 Pac. 436, and therefore county assessors were entitled to the compensation fixed by the act of 1910-11.

The second question must be answered in the affirmative. By section 16, chapter 152, Session Laws 1910-11, it was provided that the county assessor should be paid monthly out of the salary fund of the county as other county officers were paid. Obviously, the only manner by which compensation of the county assessor could be paid from the salary fund would be by warrants drawn on that fund, and by section 1615, Rev. Laws 1910, all warrants upon the county treasurer shall be issued upon the order of the board of county commissioners, signed by the chairman thereof and attested by the county clerk with the county seal attached. By the provisions of section 1631, Rev. Laws 1910, no account shall be allowed by the commissioners unless the same shall be made out in separate items, and the nature of each item stated, and the account so made out shall be verified by affidavit setting forth that the same is just and correct and remains due and unpaid. Such account shall be filed with the county clerk five days before the first day of the meeting of the county commissioners, and it is further provided that it shall be unlawful for the board of county commissioners to allow any claim or account against the county at any special or adjourned meeting of the board, except for election expenses and jury fees; and all other claims or accounts against the county shall be allowed only at the regular meeting of the board in January, April, July, and October of each year.

By section 1632, Rev. Laws 1910, it is provided that when a claim is not filed according to the provisions of section 1631, no action shall be taken on said claim until the next meeting of the board, but this section shall not apply to the claims for salary or other compensation of county officers required to make quarterly reports. It will be observed that no distinction is made between accounts for salary and other accounts, except that the commissioners are not prohibited from acting upon claims for salary or other compensation of county officers required to make quarterly reports until the next meeting of the board. Nowhere do we find any statutory provision exempting county officers from filing claims for their salary and fees, so we conclude that, even though the compensation of plaintiff may be a liability created by statute, as contended by him, yet, under the foregoing statutory provisions, it is necessary that a claim be filed therefor, in order that payment may be obtained. Section 1570, Rev. Laws 1910, applies where it is necessary for the claimant to present his account to the board of county commissioners to be by said board allowed, in order that he may obtain a county order or warrant upon the county treasury for the amount of his claim, and if said claim be not presented within two years after the same accrues, it is barred by said section of the statute. Stillwater Advance Printing & Publishing Co. v. Board of County Commissioners of Payne County, 29 Okla. 859, 119 Pac. 1002.

Under our view of this case, the plaintiff was entitled to recover upon his second cause of action, and the court erred in sustaining the demurrer thereto.

Therefore, the judgment of the trial court is reversed, and the cause remanded for further proceedings consistent with the views herein expressed.

HARRISON, C. J., and JOHNSON, McNEILL, and KENNAMER, JJ., concur.