## EXCISE BOARD OF CREEK COUNTY et al. v. STATE ex rel. KISSICK.

No. 15993—Opinion Filed Dec. 16, 1924.

1. **Mandamus — Compelling County Excise Board to Make Levy for Farm Demonstration Work.**

Where the board of county commissioners of any county have agreed with the United States Department of Agriculture upon terms of co-operation in conducting farm demonstration work and the sum or sums necessary to carry on such work in co-operation, and have provided in their annual estimate such sum as deemed by them necessary for that purpose for the fiscal year, it is the duty of the excise board, where it does not exceed the amount allowed by law for that purpose, to approve such item and levy the necessary tax to raise such sum by taxation for that year, and, in case of refusal, mandamus will lie to compel the performance of that duty.

2. **Same—Action by County Agent.**

The county agent, being a party in interest, may maintain the action.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by State of Oklahoma on the relation of E. A. Kissick, agent in charge of farm demonstration work, against Excise Board of Creek County. Judgment for plaintiff, and defendants appeal. Affirmed.

Tom Wallace, Co. Atty., for plaintiffs in error.

Thrift & Davenport and Hughes, Foster & Ellinghausen, for defendant in error.

Opinion by RAY, C. This appeal is from a judgment of the district court of Creek county, entered November 20th of this year, directing a peremptory writ of mandamus to issue commanding the excise board of that county to reconvene as the excise board of Creek county, and to forthwith approve the estimate made by the board of county commissioners for the purpose of co-operating with the United States Department of Agriculture in conducting farm demonstration work in that county for the fiscal year of 1924-25. The case has been advanced for immediate decision.

It is contended upon the part of the excise board that in refusing to adopt the estimate of the board of county commissioners it was acting in its sound judicial discretion, and that that discretion cannot be controlled by mandamus.

The act of 1910, creating the excise board,

by section 4 (sec. 7380, Rev. Stat. 1910), provided:

"They shall have the power to revise and correct any estimate certified to them where the amount thereof is in excess of the just and reasonable needs of the municipality for which the same is made.'

By House Bill 418, 1917, this section was repealed and another section (9698, Comp. Stat. 1921) adopted. It is provided by that section:

"The said board shall have power and authority to revise and correct any estimate certified to them by either striking items therefrom, increasing or decreasing items thereof, or adding items thereto, when in its opinion the needs of the municipality shall require. All revisions and corrections shall be as to specific items of the estimate. * * *"

By the adoption of the latter section the broad discretion conferred by the former is, to some extent, restricted by limiting the power of revising and correcting to specific items of the estimate. But under the latter section a judgment and discretion is required to be exercised which may not be controlled by mandamus. The question to be decided is, Was that general power and authority to review and correct estimates taken from the excise board as to the particular item in question, and full and complete power and authority conferred upon the board of county commissioners, by chapter 159, Laws of 1919 (sec. 3721, Comp. Stat. 1921), to determine the necessity for co-operating with the Department of Agriculture in conducting farm demonstration work, and the amount necessary to raise by taxation for that purpose, so as to render the approval of that item and the levying of the tax to raise the amount fixed by the estimate, a purely ministerial act on the part of the excise board. It is conceded in oral argument that no question of a constitutional or statutory limitation is involved.

Section 3721, Comp. Stat. 1921, is as follows:

"The county commissioners of the respective counties of this state may, and are hereby authorized and empowered to appropriate and use under such rules and regulations as they may prescribe, such sum or sums of money as they may deem necessary during the fiscal year for the purpose of co-operating with the United States Department of Agriculture, in conducting farmers' demonstration work and home economics in their respective counties along the same lines as this work is and may be conducted, upon such terms and conditions as may be agreed upon between the agents of the Department of Agriculture, and the county commission-

ers. Provided that the board of county commissioners shall provide an adequate amount in their annual estimate for the ensuing year, same to be included in the salary fund to be paid on order of the board of county commissioners, to such demonstrator or demstrators."

The provisions of section 9698 are general, and relate to all estimates certified to the excise board, while section 3721 is special, refers to and includes particular matters in controversy. The proper rule of construction in such cases was stated by Ames, Commissioner, in Gardner v. School Dist. No. 87, Kay County, 34 Okla. 716, 126 Pac. 1018:

"Where there are two provisions of the statutes, one of which is special and particular and clearly includes the matter in controversy, and where the special statute covering the subject prescribes different rules and procedure from those in the general statute, it will be held that the special statute applies to the subject-matter, and that the general statute does not apply."

This rule has been approved in Muskogee Times-Democrat v. County Commissioners of Muskogee County, 76 Okla. 188, 184 Pac. 591; State ex rel. v. Beatty, 77 Okla. 50, 186 Pac. 240; Watts, Mayor, v. State, 77 Okla. 199, 187 Pac. 797. This act, in express terms, confers full power and authority upon the board of county commissioners to appropriate and use such sum or sums of money, deemed by them necessary during the fiscal year, for co-operation with the Department of Agriculture in conducting farm demonstration work along the same lines as this work is now and may be conducted, upon terms and conditions as may be agreed upon between the agent of the Department of Agriculture and the county commissioners. And it is made their duty, when that agreement has been entered into, to provide an adequate amount in their estimate for the ensuing year. Clearly the general power conferred upon the excise board by the general statute to revise the various items of estimates does not extend to the estimate of the commissioners, made under the special statute, for co-operation with the Department of Agriculture in conducting farm demonstration work where the estimate is within the limitation allowed by law. In such case the acts of the excise board in approving the estimate and levying the tax are purely ministerial.

Notwithstanding the mandatory statute conferring exclusive power and authority on the board of county commissioners to determine the necessity of co-operation with the United States Department of Agriculture, and to agree upon the terms of co-

operation, and to provide the proper sum or sums of money to be raised by taxation for that purpose, it is contended that the writ should not issue for two reasons: First, that the relator cannot maintain the action for the reason that the excise board owes him no duty which he is entitled to have enforced, and, if so, second, he has an adequate remedy at law.

The relator is the county agent designated by the Department of Agriculture, pursuant to the agreement with the county commissioners, to act as county agent for Creek county for the fiscal year of 1924-25, under the general supervision of that department. That part of his salary and expenses which the county commissioners agreed with the Department of Agriculture should be borne by Creek county, is the particular item denied approval by the excise board. Having entered upon his duties as county agent, and that part of his salary agreed to be paid by the county, and the necessary expenses for the performance of his duties being involved, he is a party in interest. We think the rule is correctly stated in 18 R. C. L. 275.

Irrespective of the question whether a private person may maintain mandamus to enforce a public right or duty, it seems that all the authorities concur in support of the proposition that an individual may have a particular interest of his own, independent of that which he holds in common with the people at large, in the performance of a statutory duty imposed on some officer or board, and that in such cases he is not simply an indistinguishable unit of the general public, but is the possessor of a separate and peculiar right which enabled him to say that he is the party beneficially interested, and so entitled him to the writ.

A civil action, after services performed, is the remedy suggested as adequate. A sufficient answer is that the object of the law in requiring county commissioners to prepare, at the beginning of the fiscal year, an estimate of expenditures necessary for the various departments of county government is that receipts may be had and disbursements made during the fiscal year. It is not in contemplation of law that services, provided for by law, should be performed, dependent upon compensation by subsequent judgments to be paid by tax levies of future years.

It is the settled rule of this court that unless the plaintiff has a clear legal right to the writ, the application for mandamus must be denied. But, in this case, the relator is clearly entitled to the writ. This conclusion is sustained by Board of Education of the City of Guthrie v. Excise Board of Logan County. 86 Okla. 24, 206 Pac. 517, where it was held that mandamus would lie to compel the excise board to approve the estimate made by the board of education for separate schools.

The judgment should be affirmed.

By the Court: It is so ordered.