McEWEN MANUFACTURING CO. v. TOWN OF COVINGTON.

No. 13773—Opinion Filed June 9, 1925.

Rehearing Denied Sept. 22, 1925.

1. Municipal Corporations—Claims Against —Necessary Procedure.

It is provided by law that municipal sub-

divisions of the state shall be controlled in their fiscal management by boards specifically named. Claims against such municipalities arising from express or implied contracts must be presented for allowance in the manner and form provided by sections 8595 and 8596, Comp. St. 1921, before such board acquires jurisdiction to lawfully pass upon the same. Lawful action by such board in disallowing such claims in whole or in part is a prerequisite to maintaining an action in court thereon.

2. Same—Necessity for Legal Basis for Claim.

One who demands payment of a claim against a municipality upon an express or implied contract must be able to point out the law authorizing the indebtedness and the authority of the proper officers for incurring the same. It is not sufficient that the services performed or the things furnished were needful and beneficial.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action by McEwen Manufacturing Company against the Town of Covington to recover upon a certain open account. Judgment for defendant, and plaintiff brings error. Affirmed.

This action was commenced September 13, 1921, in the district court of Garfield county by plaintiff filing therein its petition against the defendant, which petition, omitting caption and exhibits, is in the following language:

"Comes now the plaintiff and for cause of action against the defendant alleges:

"That the plaintiff is, and during all the times hereinafter set forth was, a corporation organized and existing under the laws of the state of Oklahoma. That the defendant, town of Covington, is and during all the time aforesaid, was a municipal corporation, situated in Garfield county, state of Oklahoma; and organized and existing under the laws of said state.

"That between the 20th day of October, 1919, and the 5th day of November, 1920, the plaintiff sold and delivered to the defendant, for its use, and at its instance and request, material, goods, wares and merchandise of the value, and for which the defendant agreed to pay the plaintiff the sum of $4,106.97. That said account has been duly presented to the defendant, and that it has paid the plaintiff thereon, the sum of $2,403.36, leaving a balance due and unpaid upon the same, in the sum of $1,701.61; all of which is more fully shown by an itemized statement of said account, hereto attached, marked exhibit "A" and made

a part hereof. That said statement is just and correct, that no part thereof has been paid except as aforesaid, and that there is due the plaintiff from the defendant thereon, the sum of $1,701.61, with interest at 6 per cent. from the 4th day of November, 1920.

"Wherefore, plaintiff prays judgment against the defendant in the sum of $1,701.-61, with interest at 6 per cent. from the 4th day of November, 1920, and costs of suit."

After motion to make the petition more definite and certain and after a general demurrer had both been overruled, defendant filed its answer consisting of a general denial and certain special defenses. These special defenses consisted of affirmative allegations that the claim sued on had never been audited by the board of trustees of the town; a denial that the goods, wares and merchandise covered by the account sued on were purchased by authority of the board of trustees; that no contract was ever entered into between plaintiff and defendant for the purchase of the supplies, but that if such a contract was entered into it was ultra vires; that at no time during the period covered by the account sued on was there any amount included in the approved estimate for current expenses of the town, which could be applied to the payment of said account; that during the time covered by said account James E. Buchan was president of the board of trustees of the town of Covington, and was also manager of plaintiff's business in the town of Covington, and that therefore if any contract for the purchase of the supplies was made by the board of trustees with the plaintiff, the same is void by reason of the relation of James E. Buchan to both plaintiff and defendant. This answer was verified and a reply was filed thereto denying generally the allegations of new matter set up in the answer.

Upon the issues thus framed the case was submitted to the court without the intervention of a jury on February 27, 1922, and at the conclusion of plaintiff's testimony both sides rested their case and the court thereafter on April 15, 1922, rendered judgment against the plaintiff and in favor of the defendant. After unsuccessful motion for new trial, plaintiff has brought the case here by petition in error with case-made attached for review.

H. Z. Wedgwood, for plaintiff in error.

Simons, McKnight & Simons, for defendant in error.

Opinion by LOGSDON, C. Only one proposition is presented and argued in the brief of plaintiff for a reversal, and that is that the trial court erred in rendering judgment in favor of the defendant and against the plaintiff.

An examination of the petition filed by plaintiff in the trial court discloses that it is an ordinary petition upon an open merchandise account. There is no allegation anywhere of a contract lawfully made and entered into between plaintiff and defendant, and there is no allegation that the goods alleged to have been purchased by defendant were purchased by anyone having lawful authority to bind the town, or that the indebtedness when incurred was a lawful indebtedness for which the town could be held liable upon an implied promise to pay. It is nowhere alleged that the account was ever presented to the board of trustees of the town of Covington in the manner and form required by law, or that the same was ever acted upon and disallowed by the board of trustees. The testimony affirmatively shows that the claim was never verified prior to the commencement of this action.

It appears from an examination of the record in this case, that the town of Covington issued bonds in the sum of $45,000 for the construction of a waterworks system, and that it issued bonds in the sum of $30,000 for the construction of a sewer system, and that upon the sale of these bond issues the town entered into a contract with a construction company for the construction of the two public utilities upon the basis of a guaranteed cost, for which the construction company was to receive as full compensation for its services 15 per cent. of such cost, and the town of Covington was to furnish all material used in the construction of said public utilities. No other appropriation was ever made to cover the expense of building these public utilities than the bond issues voted by the people for this purpose. It is the contention of plaintiff that the materials and supplies covered by the account sued on were furnished to the town of Covington and used by it in the construction of these two systems. Upon the trial of the case no effort was made by the plaintiff to show the existence of any valid contract for furnishing these supplies, except that it was shown that it furnished the pumps, manhole covers and some other articles of machinery or heavy equipment under competitive bids, but it is admitted that these items, which plaintiff furnished under competitive bids, were paid for and they are not involved in this action.

It is further disclosed by the record that

the account sued on covers about 115 separate invoices extending over a period of time from October 31, 1919, to November 4, 1920, and embraces items ranging in price from a few cents up to hundreds of dollars. The record further discloses that in the purchase of the goods covered by these 115 invoices, 14 separate and distinct persons gave the orders for the goods, some being by telephone. It is nowhere disclosed by the record that these 14 persons or any of them ever had any authority to act for the town of Covington in the purchase of these numerous supplies, and it is admitted that no itemized and verified claim was ever presented to the board of trustees of the town for audit and allowance.

Plaintiff relies for reversal in this case upon the case of Buxton & Skinner Stationery Co. v. Board of Com'rs of Craig Co., 53 Okla. 65, 155 Pac. 215, and the cases cited in that opinion, and on the cases of Hamilton Township v. Underwood, 81 Okla. 256, 198 Pac. 300, and School Dist. No. 8, Marshall County, v. Home Lumber Co., 97 Okla. 72, 221 Pac. 433.

In the Buxton & Skinner Case and in the Home Lumber Company Case, there was an express contract, entire and indivisible, entered into between the parties at a time when the debt incurred was within the limits of the fund voted and appropriated for the current fiscal year or for the specific purpose covered by the contract. No such condition is shown to exist in the instant case. In the case of Hamilton v. Underwood, the action was upon a warrant duly issued by the municipality, and this warrant prima facie established an indebtedness and the regularity of the proceedings leading up to its issue. This case is therefore not an authority upon the question here presented. Section 8595, Comp. St. 1921, provides:

"All claims for money due from any county, township, city or incorporated town shall be itemized in detail, verified and filed for allowance with the proper authority not less than five days before the meeting of such body for such purposes. Such verified claims shall show in detail the amount due on each item, the date thereof, the purpose for which each item was expended, and such other facts as are necessary to show the legality of such claim and each item thereof."

Section 8596 provides:

"The proper authority of each county, township, city or incorporated town authorized by law to allow claims shall examine into each claim so filed for allowance at the meetings authorized by law to make such allowance, and if the same, or any part thereof. is found to be correct and is in compliance with section 1 of this act, the same shall be allowed for payment and a warrant issued therefor."

These two sections are sections 1 and 2, respectively, of ch. 186, Sess. Laws 1913, and were in full force and effect during the period of time covered by the transactions here involved. These sections are merely extensions of the requirements theretofore existing in reference to claims against counties, so as to cover claims against all other municipal subdivisions of the state. The original section as to counties was section 1659, Comp. Laws 1909, and was carried forward in the Rev. Laws 1910, as sec. 1631, and now appears in Comp. St. 1921, as sec. 5825. This original section has been construed by this court in the early case of Allen v. Com'rs of Pittsburg Co., 28 Okla. 773, 116 Pac. 175, and that decision has been followed by this court a number of times. The construction there given to section 1659, Comp. Laws 1909, applies with equal force to the provisions of sections 8595 and 8596, supra. In that case plaintiff filed a claim with the county clerk of Pittsburg county February 3, 1908, said claim not being verified as required by the statute, but the claim was filed by the clerk and registered in the calendar of claims and given a serial number. This claim was disallowed in April with no reason assigned therefor. On June 30th thereafter, the claim was refiled with a proper verification as required by law. At the July session of the commissioners, this claim was ordered stricken from the files upon the ground that it had been previously disallowed and no appeal had been taken from such disallowance. In reference to the situation thus presented, Justice Williams said:

"The claim not having been verified as the statutes required (sec. 1659, Comp. Laws 1909), a jurisdictional requirement was lacking. A charge of perjury could be predicated upon such affidavit. This requirement was evidently intended as a protection to the taxpayers against the presentation of false claims. In this state, in order to procure from a county the money on a false claim, one has to incur the risk of undergoing the pains and penalties of perjury. It follows that under such circumstances there could be no adjudication, and the plaintiffs in error having subsequently verified and refiled said claim, it was then properly before the board of commissioners for allowance or disallowance."

In the case of Bodine, County Clerk, v. McDaniel Auto Co., 69 Okla. 143, 170 Pac. 899, this court, in discussing claims against counties of the state, used this language:

"No claim can be paid by the county until the same is duly filed and allowed by the board of county commissioners. In case of rejection by the board, the claimant may either appeal to the district court or institute an independent action in the proper court on such claim. The authority to pass upon claims against the county is vested solely in the board of county commissioners."

It is therefore apparent from the language of the statutes above quoted, and from the construction given those statutes by this court, that before a claim against a municipal subdivision of the state, based on express or implied contract, can form the basis of a legal action, it must first have been presented to the board of such municipal subdivision having authority to pass upon and allow or disallow claims, and such presentation must be made in the manner and form required by law. Until the claim is itemized, verified, and filed for allowance with the proper authorities, no jurisdiction is acquired by such board to pass upon the validity or invalidity of such claim. Until the board, entrusted by law with the fiscal management of a municipal subdivision of the state, has had an opportunity to pass upon a claim of this character legally made out and presented, no right of action in the courts for the enforcement of such claim exists. If the claim be legally presented, as required by law, the board acquires jurisdiction to pass on it, and if it should disallow the claim in whole or in part, then either of two remedies is available to the claimant. He may appeal from the action of the board to the district court on county claims; or as to both character of claims, he may file an independent action on the claim in the court having jurisdiction.

In the instant case, the petition of the plaintiff filed in the district court did not state facts sufficient to constitute a cause of action against the defendant, and the general demurrer of the defendant to the petition should have been sustained. However, upon a trial on the merits, the court rendered judgment in favor of the defendant, and this action of the trial court is amply sustained by the evidence, and the judgment should therefore in all things be affirmed.

By the Court: It is so ordered.