## BOARD OF COUNTY COM'RS OF GARVIN COUNTY v. HAMM.

No. 26215.   Jan. 7, 1936.

Clarence Bowie, County Atty., for plaintiff in error.

Marion Henderson, for defendant in error.

WELCH, J.   This action was instituted December 14, 1934, by Charles O. Hamm, defendant in error, against the board of county commissioners of Garvin county, Okla., plaintiff in error, before a justice of the peace, by the filing of bill of particulars in which the said Charles O. Hamm alleged the said board of county commissioners was indebted to him in the sum of $125 for premiums upon his official bond as court clerk for Garvin county, Okla., for the years 1931, 1932, 1933, and 1934. He recovered judgment in the justice of the peace court for the amount claimed. The board of county commissioners appealed to the district court, where judgment was again rendered for plaintiff against the board of county commissioners on the following stipulation:

"It is stipulated and agreed by and between the plaintiff Charles O. Hamm, and the board of county commissioners of Garvin county, Okla., by Clarence Bowie, county attorney of Garvin county, Okla., that the plaintiff herein paid the premiums on his official bonds for which this suit was instituted, for the years of 1931, 1932, 1933, and 1934, making the total sum of $125 based on section 71, O. S. 1931, and it is further stipulated and agreed that no appropriation was ever requested and demanded by the plaintiff, Charles O. Hamm, who was court clerk of Garvin county, Okla., for said years, and that no appropriation was ever made or approved for any amount to pay the official bond of the court clerk and that no claim was ever presented to the board of county commissioners for the payment of said sum or any part thereof, and that said sum of $125 is the amount that was paid out by Charles O. Hamm for his official bonds while acting as court clerk of Garvin county, Okla. Charles O. Hamm, Plaintiff.   Board of County Commissioners of Garvin County, Oklahoma, by Clarence Bowie, County Attorney for Garvin County, Oklahoma."

The board of county commissioners have

appealed to this court by petition in error with transcript attached.

Plaintiff in error raises several serious questions of law as error of the trial court. One of these questions relates to the failure on the part of the defendant in error to file a claim. It is urged that no suit can be maintained until a proper claim has been filed with the proper authorities as provided in sections 5966 and 5967, O. S. 1931.

The law in this regard appears to have been long since settled in this jurisdiction.

In McEwen Manufacturing Co. v. Town of Covington, 112 Okla. 40, 239 P. 219, this court held in the first paragraph of the syllabus as follows:

"It is provided by law that municipal subdivisions of the state shall be controlled in their fiscal management by boards specifically named. Claims against such municipalities arising from express or implied contracts must be presented for allowance in the manner and form provided by sections 8595 and 8596, Comp. St. 1921, before such board acquires jurisdiction to lawfully pass upon the same. Lawful action by such board in disallowing such claims in whole or in part is a prerequisite to maintaining an action in court thereon."

This court in that opinion discusses thoroughly the question thus presented, and upon authority thereof, and in consideration of the statutory provisions herein referred to, we hold that the trial court committed reversible error in rendering judgment in favor of the plaintiff.

Plaintiff suggests that the statutory provisions herein under discussion and construed in McEwen Manufacturing Co. v. Town of Covington, supra, are not applicable to a claim which arises by operation of law, pointing out that the claim herein sued upon arose by operation of law by virtue of the provisions of section 71, O. S. 1931, which provides for the making of a surety bond by the court clerk, and that the costs of said bond shall be paid by the county.

It is true that the statute does provide that the costs of the bond shall be paid by the county. Proper request shall be made for an appropriation therefor. An adequate sum should be appropriated to pay the premium on such bond, and in due time a claim should be presented for the bond premium for the current year. There is nothing in the statutes, nor any authority cited, to indicate that such an action as this may be maintained without first presenting a claim.

Having concluded that the plaintiff could not maintain an action, we are not inclined to further lengthen this opinion by considering the other questions assigned as error.

The cause is reversed and remanded, with directions to dismiss.

McNEILL, C. J., and BAYLESS, PHELPS, and GIBSON, JJ., concur.