## BOARD OF COM'RS OF OKLAHOMA COUNTY v. BENNETT.

No. 29822. Feb. 4, 1941.

Rehearing Denied March 25, 1941.

*111 P. 2d 492.*

Lewis R. Morris, County Atty., and B. C. Logsdon, Asst. County Atty., both of Oklahoma City, for plaintiff in error.

Leslie L. Conner and P. James Demopolos (on the brief), both of Oklahoma City, for defendant in error.

HURST, J. This is an action by plaintiff Bennett against the board of county commissioners of Oklahoma county to recover from the county damages in the sum of $1,500. The amended petition alleges that during the months of April to August, 1936, the defendant, through its agents, foremen, road supervisors, and employees, without the knowledge or consent of the plaintiff and without instituting condemnation proceedings, entered upon his land and quarried and removed therefrom 250 cords of rock of the value of $1,500, and used it for public purposes in building roads, abutments, and a retaining wall. He alleges that he did not learn of said facts until 1938, that he filed a claim therefor on April 1, 1939, and that the same was not acted on and was thereby in effect rejected. He commenced this action on May 2, 1939. The defendant demurred to the amended petition on the grounds (1) that it did not state facts sufficient to constitute a cause of action, and (2) that the action was barred by the special two-year statute of limitations. The court overruled the demurrer, the defendant stood thereon, and judgment was entered against the county, without evidence being taken, for the sum of $1,500. Defendant appeals.

For reversal the defendant argues six propositions, but we think it necessary to consider only one of them. While the amended petition, to which the demurrer was directed, does not contain the allegation that it is based upon an implied contract to pay the value of the rock taken, the plaintiff in his brief states that the petition is not based upon tort, but that he waived the tort and sued on an implied contract. While the plaintiff asserts that the county is liable by reason of section 24, art. 2, of the Constitution, he relies upon an implied contract in order to escape the bar of the two-year statute of limitations for trespass upon real property found in subdivision 3, sec. 101, O. S. 1931, 12 O. S. A. § 95. We will dispose of the cause on the theory presented.

Section 7458, O. S. 1931, 19 O. S. A. § 247, provides:

"No account against the county shall be allowed unless presented within two years after the same accrued: Provided, that should any person having a claim against the county be (at the time the same accrued) under any legal disability, every such person shall be entitled to present the same within one year after such disability shall be removed."

While the plaintiff argues that the claim did not accrue until he learned of the taking of the rock, he cites no authorities to support such argument, and we know of none. The only exception the section makes is as to a person laboring under legal disability at the time the claim accrued. We have no right to create another exception as argued by plaintiff. To do so would invade the legislative field. We are of the opinion, and hold, that on the theory of implied contract, the claim accrued when the rock was taken, for it was

538

then that an agreement, if any, to pay would be implied. Stillwater Advance Printing & Publishing Co. v. Board of Com'rs of Payne County, 29 Okla. 859, 119 P. 1002; Buxton & Skinner Stationery Co. v. Board of Com'rs of Craig County, 53 Okla. 65, 155 P. 215; 37 C. J. 855-857. This was more than two years prior to the filing of the claim. It is clear that, under section 7458, supra, all claims against a county based on contract, express or implied, must be presented within the time specified in said section. Stillwater Advance Printing & Publishing Co. v. Board of Com'rs of Payne County, supra; Buxton & Skinner Stationery Co. v. Board of Com'rs of Craig County, supra; Hines v. Board of Com'rs of Kay County, 86 Okla. 103, 206 P. 1040. No action can be maintained on any such claim unless and until it is so presented and disallowed. McEwen Mfg. Co. v. Town of Covington, 112 Okla. 40, 239 P. 219; Board of County Com'rs of Garvin County v. Hamm, 175 Okla. 443, 53 P. 2d 283. It is generally held that a statute, such as section 7458, supra, "is more than one of limitation; the lapse of the prescribed time is an absolute bar and extinguishes altogether the right to present or to sue," and deprives the county board of jurisdiction to approve such a claim not timely filed. 20 C. J. S. 1255, § 298. See, also, 15 C. J. 649.

It follows that, since the petition showed failure to file the claim within the time allowed by section 7458, it did not state a valid cause of action and the demurrer should have been sustained. Stillwater Advance Printing & Publishing Co. v. Board of Com'rs of Payne County, supra.

Reversed, with directions to vacate the judgment and sustain the demurrer.

CORN, V. C. J., and OSBORN, GIBSON, and DAVISON, JJ., concur.